679 So.2d 1193 (1996)
Miller BALDWIN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 95-4599.
District Court of Appeal of Florida, First District.
July 25, 1996.
Opinion on Denial of Rehearing September 30, 1996.
Miller Baldwin, Jr., pro se, Appellant.
No appearance for Appellee.
Robert A. Butterworth, Attorney General; Sonya Roebuck Horbelt, Assistant Attorney General, for Appellee on rehearing.
PER CURIAM.
Miller Baldwin challenges the trial court's denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a).
*1194 Baldwin was sentenced to twenty-two years imprisonment for second degree murder. In his 3.800(a) motion, Baldwin contends that his sentence is illegal on the basis that his scoresheet was improperly scored as to the primary offense and his prior record. Baldwin specifically contends that his second degree murder count was scored as a "life felony" rather than a felony punishable by life. See Dunn v. State, 522 So.2d 41 (Fla. 5th DCA 1988). Appellant further contends that his prior record of aggravated assault and possession of a weapon, not a firearm, should have been scored as third degree felonies rather than second degree felonies.
If appellant's assertions are true, his sentencing range would have been altered by one cell. If a sentence correction brought about by guideline errors results in a lower cell, reconsideration of the sentence is required even if, after the reduction, the defendant's sentence lies in the permitted range. Terrell v. State, 668 So.2d 656 (Fla. 2d DCA 1996).
The trial court must resentence Baldwin using a corrected scoresheet, unless after reviewing the record or conducting an evidentiary hearing, it determines that the correct points were scored as to the primary offense and the prior record. If the trial court again denies Baldwin's motion, it must attach portions of the record conclusively refuting Baldwin's contentions. Fla. R.App. P. 1.940(g). We therefore, REVERSE and REMAND for further proceedings consistent with this opinion.
MINER, ALLEN and WEBSTER, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The State has moved for rehearing in this case. We deny the motion and adhere to our previous disposition. We write only to clarify the basis for our previously issued opinion.
Appellant appealed the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) seeking correction of error in his guideline scoresheet calculation. In our previously issued opinion, we remanded for the trial court to determine if such an error appears in the record. In its motion for rehearing, the State argues that "because appellant's motion did not allege a facially illegal sentence, it was not cognizable under rule 3.800." We disagree.
Florida Rule of Criminal Procedure 3.800(a) provides that "[a] court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet." The latter phrase was expressly amended to the rule by the supreme court opinion in State v. Whitfield, 487 So.2d 1045, 1047 (Fla.1986). In Whitfield, the sentencing guidelines scoresheet erroneously assessed points for victim injury "even though victim injury is not an element of aggravated assault," the crime of which the defendant was convicted Id. at 1045-1046. The supreme court noted that the scoresheet error "was easily preventable and correctable at the trial court level without recourse to the appellate courts" and then expressly amended rule 3.800(a) "to facilitate the correction of such errors at the trial court level." Id. at 1047. Clearly, the amendment of this rule in the disjunctive created two distinct claims that may be brought under rule 3.800(a): an illegal sentence or a sentencing scoresheet calculation error. See, e.g., Gartrell v. State, 626 So.2d 1364, 1365 (Fla.1993) ("Because neither an illegal sentence nor a calculation error was involved in this case, rule 3.800(a) was clearly the improper vehicle for the State to use.").
In its motion for rehearing, the State argues that the supreme court's definition of what constitutes an illegal sentence claim cognizable under rule 3.800(a) in Davis v. State, 661 So.2d 1193, 1196 (Fla.1995), and State v. Callaway, 658 So.2d 983 (Fla.1995), obviates any claim for relief from an incorrect calculation in a sentencing guidelines scoresheet calculation. Although in Davis, 661 So.2d at 1196, the supreme court receded from specific dicta in Whitfield, the court neither tacitly nor expressly overruled its amendment to rule 3.800(a) in either Davis or Callaway. See Raley v. State, 675 So.2d 170, 174 n. 5 (Fla.5th DCA 1996) ("We detect no indication from our reading of Davis and Callaway that our supreme court intends to eliminate this alternative basis for post-conviction relief by retreating from the decision *1195 in State v. Whitfield, 487 So.2d 1045 (Fla. 1986), which amended rule 3.800 to specifically authorize such relief."). Because the supreme court has not expressly withdrawn its amendment to rule 3.800(a), claims of scoresheet calculation errors remain viable under the rule. Raley, 675 So.2d at 174 ("Even though such an allegation does not appear to articulate a valid claim of illegality under Davis and Callaway, the allegation sets forth a valid basis for post-conviction relief because rule 3.800(a) specifically authorizes the trial court to correct scoresheet errors at any time.").
The rule that resolution of claims of an illegal sentence under rule 3.800(a) should be determined from the face of the record without resort to evidentiary hearing applies to claims of scoresheet calculation errors as well. Lomont v. State, 506 So.2d 1141, 1141-1142 (Fla.2d DCA 1987) (explaining that scoresheet errors in Whitfield and State v. Chaplin, 490 So.2d 52 (Fla.1986), were apparent from the face of the record and stating that "where the error complained of would require an evidentiary determination, we believe the rule change announced in Whitfield is inapplicable"). See Dailey v. State, 488 So.2d 532, 534 (Fla.1986) ("In Whitfield it was apparent from the record that points had been scored for victim injury when Whitfield had been convicted of aggravated assault, a crime not involving victim injury."). See also Harper v. State, 632 So.2d 104 (Fla.1st DCA 1994). Accordingly, the original opinion issued in this case remains unchanged except to correct the directions on remand to require review of the record only.
MINER, ALLEN and WEBSTER, JJ., concur.