WEBSTER, Judge.
Appellant, an inmate of the state correctional system, seeks review of an order which denied, as legally insufficient, his motion to correct an illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the motion is facially sufficient to state a claim for relief pursuant to rule 3.800(a), we reverse and remand for further proceedings.
In his motion, appellant asserts that, in 1976, he was found guilty by a jury of unarmed robbery. What is represented to be a copy of the jury’s verdict appears to support this assertion. Appellant further asserts that he was sentenced, pursuant to this guilty verdict, to life in prison. According to appellant, such a sentence is illegal because it exceeds the maximum permissible sentence for unarmed robbery. The trial court denied relief on the ground that appellant “ha[d] failed to set forth any legal grounds upon which relief may be granted,” without further explanation or attachment of any portions of the record.
At the time of appellant’s conviction, unarmed robbery was a second-degree felony. § 812.13(2)(e), Fla.Stat. (1975). The maximum term of imprisonment for a second-degree felony at that time was 15 years. § 775.082(3)(c), Fla.Stat. (1975). However, under the version of the habitual offender statute then in effect, appellant could have received a sentence of up to 30 years in prison, assuming that he qualified as an habitual felony offender, and that he was sentenced as one. § 775.084(4)(a)2, Fla.Stat. (1975). Therefore, if the representations contained in appellant’s motion are accurate, it would appear that the life sentence imposed exceeded the maximum permissible sentence for unarmed robbery, making it an illegal sentence for purposes of rule 3.800(a). Davis v. State, 661 So.2d 1193 (Fla.1995); State v. Callaway, 658 So.2d 983 (Fla.1995). In fact, if those representations are accurate and appellant was not sentenced as an habitual felony offender, it would appear that the maximum legal sentence should have expired several years ago. Accordingly, appellant’s motion was facially sufficient.
Because the trial court’s order fails to specify why appellant’s facially sufficient claim was denied, we reverse and remand. Should the trial court again conclude that appellant is not entitled to relief, it shall attach to its order denying relief those portions of the record that conclusively establish that fact. Small v. State, 535 So.2d 622 (Fla. 1st DCA1988).
REVERSED and REMANDED, with directions.
MINER and MICKLE, JJ., concur.