PER CURIAM.
Gary Floyd challenges the denial of his motion to correct his sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Nothing in the record before us refutes his allegation, and, accordingly, we reverse.
His lone claim is that the prior record portion of his guidelines scoresheet reflects a second degree felony, robbery, whereas his only prior felony was grand theft, a third degree felony. The incorrect determination of the grade of a felony for purposes of scoring prior criminal history is collaterally cognizable under rule 3.800(a) if apparent from the record. Baldwin v. State, 679 So.2d 1193 (Fla. 1st DCA 1996), reh’g. denied, September 30,1996.
Floyd neglected to attach his scoresheet to his motion, and we entered an order requiring him to supplement our record with it. In response the trial court clerk forwarded a copy of its file which contains a copy of the *60 plea colloquy. There reference is made to his prior felony as a strong-armed robbery, and the case number is recited. Interestingly a copy of the judgment in that case number is also part of the record and it discloses that the prior offense was in fact grand theft, a third degree felony. The record seems to bear out Floyd’s allegation that his prior offense was not properly scored. If he is correct his recommended range would be reduced by two cells.
While we can only conjecture that the grand theft conviction resulted from a plea to a lesser offense of robbery, we are certain that at the time of sentencing he did in fact have a third degree felony in his history.
We reverse and remand for the trial court to evaluate his motion in light of the aforementioned documents and to correct the sentence or append attachments to the order denying it which affirmatively refute his claim.
Reversed and remanded.
SCHOONOVER, A.C.J., and BLUE and QUINCE, JJ., concur.