696 So.2d 460 (1997)
David L. HORTON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4793.
District Court of Appeal of Florida, First District.
July 2, 1997.
David L. Horton, pro se, appellant.
Robert A. Butterworth, Attorney General, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
David L. Horton filed a motion to correct illegal sentence, contending that his guidelines scoresheet was improper in two respects. First, he claimed that certain misdemeanor prior offenses were uncounseled and should not have been scored. Second, he claimed that certain additional offenses for which he was habitualized were also included on the scoresheet. The trial court denied relief, finding that appellant did not claim his sentences exceeded the statutory maximum and therefore relief was barred under Davis v. State, 661 So.2d 1193 (Fla.1995).
In addition to challenging a sentence which exceeds the statutory maximum, rule 3.800(a) is available to assert claims that a sentencing guidelines scoresheet was improperly scored. Baldwin v. State, 679 So.2d 1193 (Fla. 1st DCA 1996). Such claims are limited to those which are apparent from the face of the record. Id. In the instant case, we find that factual determinations outside the record would be necessary to determine whether the prior misdemeanors were uncounseled. These claims therefore are procedurally barred. The second claim, relating to habitualized additional offenses, should be apparent from the face of the record and, if true, may entitle the appellant to some relief. Eblin v. State, 677 So.2d 388 (Fla. 2d DCA 1996). We therefore affirm in part and reverse and remand in part for further proceedings on appellant's claim relating to improper inclusion of habitualized offenses as "additional offenses" on the guidelines scoresheet.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
ALLEN, WEBSTER and MICKLE, JJ., concur.