698 So.2d 1349 (1997)
Melville Joseph CORP, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0756.
District Court of Appeal of Florida, First District.
September 12, 1997.
Appellant, pro se.
Robert Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Melville Corp challenges an order by which his motion to correct an illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a), was denied. We reverse and remand for further proceedings.
Appellant entered a plea of nolo contendere in 1996 to three counts of providing contraband to minors, each third degree felonies, and one count of battery, a first degree misdemeanor. Appellant received five year sentences for the felonies, and a sentence of less than one year for the misdemeanor. In his postconviction motion, appellant argued that his sentence was illegal due to the improper scoring of victim injury points for sexual contact, when he was not convicted of any sex related offense. He asserted that without the erroneous scoring of these points, his score would place him into a lower range of permitted incarceration.
In denying the motion, the trial court stated the appellant was not entitled to relief because his sentence resulted from a plea agreement, calling for the specific sentence imposed. In so ruling, the trial court relied on the record of the proceedings in the original criminal case. However, the court did not attach any portion of the record to the order.
Under the Florida Supreme Court's narrowed definition of an "illegal sentence", for purposes of 3.800(a) claims, appellant's sentences are not illegal, as he claims, because they do not exceed the statutory maximums. See King v. State, 681 So.2d 1136 (Fla.1996); Davis v. State, 661 So.2d 1193 (Fla.1995); and State v. Callaway, 658 So.2d 983 (Fla.1995). However, appellant alleges a scoresheet error, and we have recognized such a claim remains cognizable under rule 3.800(a), unless an evidentiary hearing is required to dispose of the claim. See, e.g., McClendon v. State, 679 So.2d 1255 (Fla. 1st DCA 1996); Baldwin v. State, 679 So.2d 1193 (Fla. 1st DCA 1996). So remains the well-established requirement that when denying a cognizable 3.800(a) claim, the trial court must attach portions of the record conclusively refuting that claim. Ducharme v. State, 690 So.2d 1358 (Fla. 2d DCA 1997); Vigil v. *1350 State, 684 So.2d 847 (Fla. 1st DCA 1996); Baldwin, supra; Anderson v. State, 679 So.2d 880 (Fla. 1st DCA 1996); Fann v. State, 647 So.2d 150 (Fla. 1st DCA 1994); Master v. State, 637 So.2d 268 (Fla. 1st DCA 1994). Without such attachments, the appellate court is often precluded from conducting meaningful review.
In this case, if appellant entered a negotiated plea bargain for the specific sentences imposed, without any conditional promise that such sentences be within the guidelines, then he would not be entitled to relief, as any scoresheet error would be harmless for purposes of rule 3.800. See Skidmore v. State, 688 So.2d 1014 (Fla. 3d DCA 1997); Russell v. State, 656 So.2d 203 (Fla. 5th DCA 1995); Boerstler v. State, 622 So.2d 184 (Fla. 1st DCA 1993). Although the trial court's ruling is not inconsistent with this reasoning, the court failed to attach to its order the pertinent information upon which it relied. Therefore, we must reverse and remand. If on remand the trial court again determines denial is appropriate, the order should be supported by portions of the record relied upon to refute appellant's claim of entitlement to relief.
Reversed.
WEBSTER, LAWRENCE and PADOVANO, JJ., concur.