702 So.2d 247 (1997)
Reggie JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2789.
District Court of Appeal of Florida, Fourth District.
November 19, 1997.
*248 Reggie Johnson, Lake City, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant Reggie Johnson appeals the summary denial of his motion to correct sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, alleging he was sentenced pursuant to an erroneous sentencing guidelines scoresheet. The scoresheet showed the primary offense at conviction to be the armed robbery with which he was charged rather than the strong armed robbery to which he entered a negotiated plea, placing him in a higher guideline sentence cell. It appears that the denial was based on a response by the state that guideline issues are no longer cognizable under rule 3.800(a), pursuant to Davis v. State, 661 So.2d 1193 (Fla.1995), which in fact was a misstatement of the law. Rule 3.800(a) still allows a court to correct "an incorrect calculation made by it in a sentencing guideline scoresheet" at any time, and Davis did not purport to change that.
A claim that the primary offense at conviction was the wrong offense, placing the movant in a higher sentencing range, is still a claim that may be asserted by rule 3.800(a) motion. See Watson v. State, 677 So.2d 67 (Fla. 1st DCA 1996). If an erroneous scoresheet calculation is apparent on the face of the record, it is reviewable under rule 3.800(a). See Owens v. State, 667 So.2d 905 (Fla. 4th DCA 1996).
Accordingly, we reverse and remand and direct the trial court to consider Appellant's motion on the merits.
DELL, WARNER and FARMER, JJ., concur.