WEBSTER, Judge.
Appellant seeks review of the denial of his motion, filed pursuant to Florida Rule of Criminal Procedure 3.800(a), alleging that the trial court had incorrectly calculated his sentencing guidelines scoresheet. We conclude that appellant’s motion stated a facially sufficient claim which is not refuted by the trial court’s order. Accordingly, we reverse.
Appellant’s motion alleged that, in 1989, he pled guilty to a charge of lewd assault. It alleged, further, that he understood that he would receive a guidelines sentence. According to appellant, he was sentenced to 15 years in prison pursuant to a guidelines scoresheet which reflected a recommended range of 12 to 17 years. Appellant claimed that the scoresheet erroneously assessed 20 points for victim injury when, in fact, there had been none; and scored two prior second-degree felonies and one third-degree felony when, in fact, it should have scored one prior second-degree felony and two third-degree felonies because he had received an escape conviction when that offense was still a third-degree felony. He also claimed that both errors were apparent from the face of the record. Finally, he claimed that, had the scoresheet been correctly prepared, the recommended range would have been only 7 to 9 years. The trial court denied relief, holding that neither alleged error was apparent from the face of the scoresheet and that, even if appellant were correct, the recommended and permitted sentencing ranges would remain unchanged.
 Erroneous scoresheet calculations may be raised at any time pursuant to rule 3.800(a) as long as the alleged errors are apparent from the face of the record. E.g., Glanton v. State, 705 So.2d 945 (Fla. 1st DCA 1998); Horton v. State, 696 So.2d 460 (Fla. 1st DCA 1997); Baldwin v. State, 679 So.2d 1193 (Fla. 1st DCA 1996). Appellant’s motion alleges that the errors of which he complains are apparent from the face of the record. In fact, the arrest report which is a part of the record on appeal would seem to support the claim that there was no victim injury. If a presentence investigation report is also a part of the record, it might well support the claim that what was actually a third-degree felony when committed was incorrectly scored as a second-degree felony. Finally, our calculations reflect that, if appellant’s allegations are correct, the resulting reduction in total points would result in a 2-cell reduction in the appropriate sentencing range (reducing the recommended range from 12 to 17 years to 7 to 9 years, and the permitted range from 9 to 22 years to 5% to 12 years).
The trial court’s order denying appellant’s motion is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
MINER, J., and SMITH, LARRY G., Senior Judge, concur.