734 So.2d 454 (1999)
Brett David SPEER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-4196.
District Court of Appeal of Florida, Fourth District.
May 5, 1999.
Brett David Speer, Cross City, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, *455 Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant Brett David Speer appeals a trial court order which denied his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he challenged his sentence following a guilty plea. The plea was in exchange for a guidelines sentence and the state's nolle pros of certain counts against appellant.
Appellant alleged in his rule 3.800(a) motion that 21.8 points were added to his sentencing guidelines score sheet relating to the counts which were to be nolle prosed. As a result, appellant alleged that his score sheet erroneously provided a higher guidelines range than it should have.
If appellant pled to a specific term of years, without any condition that it be within the sentencing guidelines, then he would have waived this claim and it would not have qualified for rule 3.800(a) relief. See Perry v. State, 705 So.2d 615 (Fla. 5th DCA 1998); Skidmore v. State, 688 So.2d 1014 (Fla. 3d DCA 1997). However, if he pled guilty on the condition that he would receive a guidelines sentence, and that sentence was the product of miscalculations, then he would be entitled to relief. See Corp v. State, 698 So.2d 1349 (Fla. 1st DCA 1997). We cannot make this determination, because the trial court order denying appellant's rule 3.800(a) motion failed to attach the pertinent information upon which it relied to deny the motion. This precludes meaningful review by this court. See Thomas v. State, 707 So.2d 1189 (Fla. 1st DCA 1998); Corp v. State, 698 So.2d 1349 (Fla. 1st DCA 1997); Thomas v. State, 667 So.2d 440 (Fla. 4th DCA 1996).
Accordingly, we reverse and remand either for attachment of those portions of the record which conclusively show that appellant is not entitled to relief, or for further proceedings pursuant to this decision.
REVERSED AND REMANDED WITH DIRECTIONS.
GUNTHER, POLEN and TAYLOR, JJ., concur.