PER CURIAM.
We have for review a consolidated appeal from denials of both of appellant’s motions for postconviction relief — one of which was filed pursuant to Florida Rule of Criminal Procedure 3.800(a) and the other filed under Rule 3.850. We reverse with regard to the 3.800 motion and affirm as to the latter.
Appellant filed a 3.800(a) motion, asserting that he was sentenced to terms of five years followed by four years of probation on each of several third degree felony charges. He stated that these sentences were illegal because they exceed the statutory maximum sentence of five years for such felonies under section 775.082(3)(d), Florida Statutes. The trial court summarily denied relief without explanation and did not attach any portions of the record to the order.
While the appeal from denial of his 3.800 motion was pending, appellant filed a 3.850 motion in which he asserted three grounds for relief: (1) that his plea was involuntary, (2) his counsel was ineffective, and (3) that certain of his sentences were illegal. The first two grounds were based on the same alleged facts. The latter ground was identical to the claim in his 3.800 motion. The trial court summarily denied relief on that motion also, and appellant timely appealed. This court remanded the 3.850 motion for reconsideration because at the time it ruled, the trial court lacked jurisdiction over three of the cases at issue because of the pending appeal from the 3.800 motion. Upon this court’s relinquishment of jurisdiction, the trial court held an evidentiary hearing at which appellant, through counsel, entered the transcript of an earlier hearing into the record as on point with regard to the first two grounds in the 3.850 motion and represented that no further witnesses would be called or evidence presented. The trial court again denied relief, stating that the transcript appellant entered into evidence and appellant’s plea form, which was not entered into evidence, refuted appellant’s claims.
As explained above, appellant’s 3.800(a) motion alleges that he was illegally sentenced to five years in prison followed by four years’ probation in each of three cases to charges that are all third degree felonies with statutory maximum sentences under section 775.082(3)(d), Florida Statutes, of five years. The allegation constitutes a facially sufficient basis for entitlement to relief, and the trial court erred in summarily denying relief without attachment of portions of the record conclusively establishing that appellant was not entitled to relief. See Corp v. State, 698 So.2d 1349 (Fla. 1st DCA 1997); Vigil v. State, 684 So.2d 847 (Fla. 1st DCA 1996). Accordingly, we reverse the trial court’s order denying relief as to this motion and remand for further proceedings consistent with this opinion.
*1087 We affirm the trial court’s order denying relief with regard to appellant’s other post-conviction motion. Competent substantial evidence in the hearing transcript appellant entered into evidence at the hearing below supports the court’s order as to the first two grounds asserted. See Bottoson v. State, 674 So.2d 621 (Fla.1996), cert. denied, 519 U.S. 967, 117 S.Ct. 393, 136 L.Ed.2d 309 (1996). In addition, the third claim, that certain of appellant’s sentences are illegal because they exceed the statutory maximum, is moot in light of our action as to appellant’s 3.800 motion.
Accordingly, we reverse the summary denial of appellant’s 3.800 motion and affirm the denial of appellant’s 3.850 motion.
MINER, WEBSTER and LAWRENCE, JJ., CONCUR.