741 So.2d 1157 (1999)
Reginald PRESSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 99-815.
District Court of Appeal of Florida, First District.
August 25, 1999.
Reginald Pressley, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Reginald Pressley appeals an order denying his motion for correction of sentence under Florida Rule of Criminal Procedure 3.800(a). He contends that sentencing errors on his guidelines scoresheet resulted in an illegal sentence. The trial court denied the motion on the grounds that appellant's sentences were imposed as part of the terms of his plea agreements with the state and that appellant is not currently serving any sentence of incarceration on any of the listed cases he references in his motion.
It is true that, if appellant pled to a term of years without any condition that his sentences be within the sentencing guidelines, then any computation errors on the scoresheet would be harmless error. See Corp v. State, 698 So.2d 1349, 1350 (Fla. 1st DCA 1997). Further, if appellant *1158 has completed his sentences and is no longer serving any term of probation for the listed cases, then the relief he is requesting may be moot. Godwin v. State, 593 So.2d 211, 212 (Fla.1992).
Although appellant may indeed not be entitled to relief, the trial court failed to attach those portions of the record conclusively refuting appellant's claim. Accordingly, we are required to reverse and remand either for attachment of those portions of the record that conclusively show that appellant is not entitled to relief, or for further proceedings.
REVERSED and REMANDED.
KAHN, WEBSTER AND VAN NORTWICK, JJ., CONCUR.