765 So.2d 242 (2000)
Forrest ATWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-3890.
District Court of Appeal of Florida, First District.
August 7, 2000.
Pro se, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Forrest Atwood, the appellant, filed a September 1999 motion to correct scoresheet error alleging that in June 1999, upon advice of defense counsel, he entered a plea of nolo contendere to drug and drug paraphernalia charges brought by the State under sections 893.13(1)(a) and 893.147(1), Florida Statutes (1997), respectively; that in accordance with the "plea agreement recommendation," the trial court adjudicated him guilty and sentenced him to 42.6 months' incarceration; and that the guideline scoresheet (which shows 84.8 total points) includes a miscalculation, without which the proper total points would be only 28.4, and the appellant would qualify for a substantially lighter guideline sentence. The motion alleged that the errors are present on the face of the record. The trial court summarily denied relief. We reverse the order and remand for the trial court to determine whether the appellant's motion can be resolved from the record and, if it cannot be resolved thus, to treat the motion as an alternative claim for post-conviction relief and to assess the merits of the alternative motion. See Fla. R.Crim. P. 3.850.
The appellant's allegation of an incorrectly calculated scoresheet is based on Florida Rule of Criminal Procedure *243 3.701(d)(5)(F), which defines "prior record" and also states:
An offender's prior record shall not be scored if the offender has maintained a conviction-free record for a period of 10 consecutive years from the most recent date of release from confinement, supervision, or sanction, whichever is later, to the date of the primary offense.
The motion alleged that the appellant's 1983, 1984 and 1986 convictions were improperly scored in 1999, despite the fact that he had a conviction-free record for ten consecutive years from 1987, his most recent date of release.
"A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet." Fla. R.Crim. P. 3.800(a); see Orosco v. State, 730 So.2d 815 (Fla. 2d DCA 1999). "If an erroneous scoresheet calculation is apparent on the face of the record, it is reviewable under rule 3.800(a)." Johnson v. State, 702 So.2d 247, 248 (Fla. 4th DCA 1997); Lewis v. State, 719 So.2d 924 (Fla. 1st DCA 1998); Corp v. State, 698 So.2d 1349 (Fla. 1st DCA 1997); Horton v. State, 696 So.2d 460 (Fla. 1st DCA 1997). Thus, although scoresheet-based sentencing errors under Rule 3.800(a) need to be capable of resolution by reference to "the record," this refers to the entire written record available in the circuit court, not just to the limited record on appeal. See, e.g., Trotter v. State, 730 So.2d 705 (Fla. 1st DCA 1998); Lewis, 719 So.2d at 924 (Rule 3.800(a) allegation that third-degree felony was erroneously scored as second-degree felony constituted facially sufficient claim; trial court was directed to examine pre-sentence investigation report, if part of "the record," to determine whether scoresheet contained error); Horton, 696 So.2d at 460 (whether habitualized sentences were included as additional offenses on scoresheet should be apparent from face of record on remand); Carter v. State, 688 So.2d 976 (Fla. 1st DCA 1997); Baldwin v. State, 679 So.2d 1193 (Fla. 1st DCA 1996) (on reh'g). The appellant's claim that he was scored for prior offenses that occurred more than ten years before his most recent release, contrary to Rule 3.701(d)(5)(F), appears to be the kind of matter that can be resolved by reviewing the entire written record. Accordingly, the trial court reversibly erred in summarily denying the motion without attaching portions of the record in support of its ruling. See Pressley v. State, 741 So.2d 1157 (Fla. 1st DCA 1999); Speer v. State, 734 So.2d 454 (Fla. 4th DCA 1999); Corp, 698 So.2d at 1349.
The trial court is instructed to determine on remand whether the appellant's motion can be resolved on such a record. If it cannot be so resolved, then, in the interest of justice and judicial efficiency the sworn motion, which was timely filed, may be treated alternatively as a claim for relief made pursuant to Florida Rule of Criminal Procedure 3.850, so that the trial court can conduct such other proceedings as may be appropriate to determine the merits. See Vanderblomen v. State, 709 So.2d 144, 149 (Fla. 1st DCA 1998); Hall v. State, 643 So.2d 635, 636 (Fla. 1st DCA 1994); McGowan v. State, 586 So.2d 1311 (Fla. 5th DCA 1991).
We REVERSE the order summarily denying relief and REMAND, with instructions.
ERVIN, LAWRENCE, and BROWNING, JJ., CONCUR.