775 So.2d 344 (2000)
STATE of Florida, Appellant,
v.
Marcus FREEMAN, Appellee.
No. 2D99-3076.
District Court of Appeal of Florida, Second District.
September 22, 2000.
Rehearing Denied November 27, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellant.
*345 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellee.
FULMER, Judge.
In this appeal, the State challenges the trial court's ruling that a no contest plea followed by a withhold of adjudication and completed probation is not a "conviction" under Florida Rule of Criminal Procedure 3.704(d)(6), which defines "conviction," for purposes of the Criminal Punishment Code,[1] as "a determination of guilt that is the result of a plea or trial, regardless of whether adjudication is withheld." We align ourselves with the First District and affirm the trial court's ruling. See Batchelor v. State, 729 So.2d 956 (Fla. 1st DCA 1999).
Marcus Freeman was tried by a jury and found guilty of two felonies. At the sentencing hearing, Freeman objected to the scoring of two prior felonies for which he had entered pleas of no contest and adjudication had been withheld. The trial court properly noted that it was required to follow Batchelor and directed that the two prior felonies be excluded from the scoresheet. Although not mentioned in its written order, the trial court orally ruled that it would exclude not only prior cases without adjudication arising from no contest pleas, but also cases arising from guilty pleas. And, the record reflects that the trial court excluded from the scoresheet three prior misdemeanors for which Freeman had entered guilty pleas and adjudication had been withheld.
The rationale of Batchelor does not support the exclusion of prior cases arising from guilty pleas. See 729 So.2d at 958. Therefore, the trial court's exclusion of the misdemeanors from Freeman's scoresheet was error. Had the trial court included those cases as prior record, however, Freeman's total scoresheet points would have increased by only .6 and his sentencing range would have remained that of a non-state prison sanction. Thus, we conclude that the error regarding the exclusion of the prior misdemeanors does not require resentencing.
Affirmed.
BLUE, A.C.J., and SALCINES, J., Concur.
NOTES
[1] See § 921.002, Fla. Stat. (Supp.1998).