777 So.2d 1091 (2001)
Alonzo McCULLOUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2994.
District Court of Appeal of Florida, Second District.
January 17, 2001.
PER CURIAM.
Alonzo McCullough appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). McCullough alleged that his scoresheet was improperly calculated because one of his prior convictions was erroneously scored as a second-degree felony rather than a third-degree felony. If McCullough is correct, his recommended sentence would change from life to a range of twenty-seven to forty years. McCullough further alleged that the error can be determined from a review of his presentence investigation report contained in the court record.
The trial court denied the motion finding that the claim was not cognizable in a rule 3.800(a) proceeding because the determination could not be made based on the record alone. See Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987) (holding that only scoresheet errors which can be decided from the face of the record without an evidentiary hearing may be corrected pursuant to rule 3.800(a)). The trial court did not, however, address or in any way refute McCullough's claim that the error could be corrected based on the presentence investigation report contained in the record, nor did the court specifically *1092 find that there was no record evidence either supporting or refuting McCullough's contention regarding his prior conviction.
We find McCullough's claim to be distinguishable from the one made in Lomont and facially sufficient because McCullough affirmatively alleged that the error could be corrected based on record evidence. See, e.g., State v. Mancino, 714 So.2d 429 (Fla.1998) (holding that credit time issues are cognizable in a rule 3.800(a) motion when it is affirmatively alleged that the court records demonstrate on their face an entitlement to relief); Atwood v. State, 765 So.2d 242 (Fla. 1st DCA 2000) (reversing summary denial of rule 3.800(a) motion alleging improper scoring of prior record for review of entire court record to determine if error could be resolved from the record); Lewis v. State, 719 So.2d 924 (Fla. 1st DCA 1998) (reversing summary denial of rule 3.800(a) motion which alleged improper scoring of prior record for review of arrest report and presentence investigation report to determine if error could be corrected on face of record as alleged by movant). We would also note that insofar as the State would have needed some record basis on which to accurately score McCullough's prior record, this should be the kind of error that can be resolved from a review of the written record. See Atwood, 765 So.2d at 243 (noting that determination of whether defendant's prior convictions were improperly scored because they were more than ten years old appears to be the kind of matter that can be resolved by reviewing entire written record). We, therefore, reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
BLUE, A.C.J., and STRINGER, J., and CAMPBELL, MONTEREY, (Senior) Judge, concur.