782 So.2d 992 (2001)
Oliver RUSSELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3612.
District Court of Appeal of Florida, Fourth District.
April 18, 2001.
Oliver Russell, Okeechobee, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant appeals an order denying his rule 3.800(a) motion to correct his sentence which alleged an error on his scoresheet in the number of points reflected for prior offenses. We disagree with the trial court's conclusion that no scoresheet error was apparent from the "face of the record." The scoresheet shows, under "prior record," three convictions of grand theft and one conviction of burglary, all of which are shown as third degree felonies. If they were correctly scored, they would total forty-six points on the scoresheet. Fla.R.Crim.P. 3.988(j)III. The number of points included for these four felonies, however, is sixty-three points.
The state speculates that one of the four prior felonies was actually a second degree felony, because under those circumstances, sixty-three points would have been correct. Fla.R.Crim.P. 3.988(j)III. If the state can demonstrate that sixty-three points was *993 correct for the four prior felonies, based on the record in this case,[1] then appellant is not entitled to relief. If the state cannot, the scoresheet should be corrected on remand to reflect the correct number of points for the four prior third degree felonies which, according to appellant's motion, will reduce his sentence. Reversed.
KLEIN, GROSS and TAYLOR, JJ., concur.
NOTES
[1] Atwood v. State, 765 So.2d 242 (Fla. 1st DCA 2000)(scoresheet error can be corrected under rule 3.800(a), even though the error does not appear on the face of the scoresheet, if the error can be demonstrated by the "record available in the circuit court"). McCullough v. State, 777 So.2d 1091 (Fla. 2d DCA 2001)(following Atwood).