802 So.2d 360 (2001)
Algernon E. WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1591.
District Court of Appeal of Florida, Second District.
October 26, 2001.
SILBERMAN, Judge.
Algernon E. Wilson appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). One of Wilson's claims has merit, and on this one issue we reverse. The order of the trial court is affirmed in all other respects.
In 1992, Wilson pleaded guilty to burglary of a structure (count I), grand theft (count II), possession of burglary tools (count III), and two counts of attempted burglary of a structure (counts IV and V). Wilson was sentenced as a habitual felony offender to ten years' imprisonment for each count. All sentences were concurrent except the sentence for count II. The sentence for count II was consecutive to the sentence for count I. Wilson did not appeal. Wilson now claims that his consecutive habitual offender sentence for count II is illegal pursuant to Hale v. State, 630 So.2d 521 (Fla.1993). Wilson alleges that it is apparent from the face of the record that his offenses arose from a single criminal episode. The trial court denied his claim finding that it was not cognizable in a rule 3.800(a) motion. We reverse.
Wilson has made a facially sufficient claim for relief that is cognizable in a rule 3.800(a) proceeding. See Adams v. State, 755 So.2d 678, 680 (Fla. 2d DCA 1999) (finding that a Hale claim which alleges that it may be determined without resort to extra-record facts is cognizable in a rule 3.800(a) motion). We therefore reverse and remand for further proceedings on this claim.
Affirmed in part; reversed and remanded in part.
BLUE, C.J., and DAVIS, J., concur.