PER CURIAM.
The appellant seeks review of the trial court’s summary denial of his rule 3.800(a) motion to correct an illegal sentence. A rule 3.800 motion can be the proper vehicle in which to raise a Hale claim more than two years after the verdict if the issue can be resolved from the face of the entire written record. See State v. Mancino, 714 So.2d 429, 433 (Fla.1998); West v. State, 790 So.2d 513 (Fla. 5th DCA 2001); Pullins v. State, 111 So.2d 451 (Fla. 1st DCA 2001); Valdes v. State, 765 So.2d 774 (Fla. 1st DCA 2000).
The record consists of the entire written record, not just the record on appeal. See Atwood v. State, 765 So.2d 242 (Fla. 1st DCA 2000). Because the appellant was convicted by a jury, the trial court had at its disposal the trial transcript. Therefore, the trial court had at its disposal the record excerpts necessary to determine whether the appellant’s crimes occurred during a single criminal episode. Moreover, the trial court attached a copy of the facts of the appellant’s crimes as established during his trial. It is clear from those facts that the appellant’s convictions arose from a single criminal episode.
Reversed and remanded with directions to grant the relief sought.
ERVIN, BENTON, and POLSTON, JJ., CONCUR.