803 So.2d 842 (2001)
Leroy JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-0040.
District Court of Appeal of Florida, First District.
December 31, 2001.
*843 Pro se, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Leroy Jackson (Appellant) appeals an order denying his motion to correct illegal sentence. The trial court found the motion untimely under Florida Rule of Criminal Procedure 3.850(b) and inappropriate for review under Florida Rule of Criminal Procedure 3.800(a) because it raises factual questions. We affirm the denial of the motion without prejudice to any right Appellant might have to file a facially sufficient claim under rule 3.800(a). Young v. State, 787 So.2d 259 (Fla. 2d DCA 2001).
Appellant alleged he was tried and found guilty of two counts of sale of cocaine and two counts of possession of (the same) cocaine with intent to sell or deliver, all of which offenses are second-degree felonies. § 893.13(1)(a)1 & § 893.03(2)(a)4, Fla. Stat. (1991). In March 1991, after being classified as a habitual felony offender (HFO), he was sentenced to 10 years for each count, with the terms to run consecutively, for a total of 40 years. § 775.084(4)(a)2, Fla. Stat. (1991) (providing for HFO sentence not exceeding thirty years for a second-degree felony). In his motion, Appellant alleged the "trial transcripts" describe the incident underlying the offenses as an undercover operation on October 25, 1990, "clearly showing a continuous episode." The motion alleged the sentences are illegal by virtue of running consecutively. Hale v. State, 630 So.2d 521 (Fla.1993) (as defendant's sentences for multiple crimes committed during a single criminal episode already were enhanced under habitual violent felony offender (HVFO) statute, total penalty could not be increased further by ordering sentences to run consecutively); State v. Callaway, 658 So.2d 983 (Fla.1995) (applying Hale to HFO cases and applying it retroactively). Appellant seeks to have his sentences run concurrently.
The trial court construed Appellant's Hale claim as a mixed question of law and fact that necessarily would require an evidentiary determination and, thus, be appropriate only under rule 3.850, not rule 3.800(a). Id. at 988; Hubbard v. State, 773 So.2d 87 (Fla. 2d DCA 2000). The two-year window for seeking relief from a Hale sentencing error opened in August 1995 on the date of the mandate in Callaway. Dixon v. State, 730 So.2d 265, 269 (Fla. 1999). Therefore, Appellant's September 2000 motion was properly considered untimely filed pursuant to rule 3.850(b) and Dixon and was found to be procedurally barred on that ground.
However, the appropriate inquiry under Hale and its progeny does not end there. Johnson v. Moore, 801 So.2d 289 *844 (Fla. 1st DCA 2001) (claim, in petition for writ of habeas corpus, that "the record" would show the consecutive HFO sentences were illegal because the crimes arose from a single criminal episode should be construed as a rule 3.800(a) motion and reviewed on remand). Callaway "d[id] not irretrievably foreclose relief from consecutively-imposed [HFO] sentences growing out of the same criminal episode by means of rule 3.800, without regard to the time constraints of rule 3.850(b)." Adams v. State, 755 So.2d 678, 680 (Fla. 2d DCA 1999); Mack v. State, 805 So.2d 915 (Fla. 2d DCA 2001) (where appellant's time limitations had passed for filing claim under rule 3.850 challenging consecutive HFO sentences and minimum mandatory sentences allegedly arising from single criminal episode, panel reversed in part and remanded for trial court to determine under rule 3.800(a) whether claim could be resolved from face of record); West v. State, 790 So.2d 513 (Fla. 5th DCA 2001); Davis v. State, 784 So.2d 1205 (Fla. 2d DCA 2001); Pullins v. State, 777 So.2d 451 (Fla. 1st DCA 2001) ("Hale claims are cognizable in 3.800(a) motions if the claim can be established on the face of the record."); Valdes v. State, 765 So.2d 774 (Fla. 1st DCA 2000). Indeed, the district court's Callaway opinion, which was approved by the Supreme Court of Florida, left the door of opportunity under rule 3.800(a) slightly ajar, stating: "[T]he postconviction determination of the number of criminal episodes considered at any prior sentencing hearing will usually, if not always, require an evidentiary determination. Thus, a sworn motion filed pursuant to rule 3.850 is the appropriate method for resolution of this case." Callaway v. State, 642 So.2d 636, 640 (Fla. 2d DCA 1994). While the "appropriate" method for seeking relief generally is a rule 3.850 motion, an evolving body of case law, including Mack, Valdes, and Allen, recognizes there may be instances where a Hale claim can be resolved from the face of "the record" without the need of an evidentiary hearing. See also Wilson v. State, 800 So.2d 343 (Fla. 1st DCA 2001).
To raise an "illegal sentence" claim under Rule 3.800(a), 1) "[t]he error must have resulted in an illegal sentence," 2) "[t]he error must appear on the face of the record," and 3) "[t]he motion must affirmatively allege that `the court records demonstrate on their face an entitlement to relief.'" Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998), quoting State v. Mancino, 714 So.2d 429 (Fla.1998); cf. Carter v. State, 786 So.2d 1183 (Fla.2001). As in Baker, we presume "this [third] requirement would necessitate more than mere conclusory allegations": at minimum, "how and where the record demonstrates an entitlement to relief." 714 So.2d at 1167 n. 1. In the context of an alleged sentencing guidelines scoresheet error under rule 3.800(a) in Atwood v. State, 765 So.2d 242, 243 (Fla. 1st DCA 2000), we noted that "the record ... refers to the entire written record available in the circuit court, not just to the limited record on appeal." See also Russell v. State, 782 So.2d 992 & n. 1 (Fla. 4th DCA 2001). Where Atwood alleged the errors were present on the face of the record, we reversed the order summarily denying relief and remanded with instructions to the trial court to determine whether the motion could be resolved on the record. Atwood, 765 So.2d at 243; Wilson v. State, 802 So.2d 360 (Fla. 2d DCA 2001). So long as a rule 3.800(a) motion satisfies the allegation requirements of the rule, the reasoning in Atwood should apply as well to a transcript of the trial if it is available. Fla. R.App. P. 9.200(a)(1) ("Except as otherwise designated by the parties, the record shall consist of the original documents, exhibits, and *845 transcript(s) of proceedings, if any, filed in the lower tribunal...."); Wilson, 802 So.2d at 360; Allen v. State, 779 So.2d 471 & n. 1 (Fla. 2d DCA 2000); Howard v. State, 724 So.2d 599 (Fla. 2d DCA 1998); Poole v. State, 659 So.2d 309 (Fla. 1st DCA 1994) (in rule 3.800(a) claim that consecutive minimum mandatory HVFO sentences were illegal where acts arose from single criminal episode, review of "the record," including transcripts of bond hearing and sentencing hearing, was inconclusive as to the claim, the denial of which was affirmed without prejudice to file a properly sworn, timely rule 3.850 motion); cf. Williams v. State, 705 So.2d 1032 (Fla. 2d DCA 1998) (in rule 3.800(a) claim seeking credit for time spent earlier in prison and relying on trial court's alleged oral pronouncements, panel concluded a determination of substance of verbal pronouncement generally will not be of record, and will require transcription of proceedings, thereby invoking rule 3.850). Appellant's allegations address the "where" but not the "how" factor noted in Baker. Accordingly, his motion fails to satisfy the threshold allegation requirements of rule 3.800(a) and was properly denied, albeit for other reasons.
We AFFIRM the trial court's ruling without prejudice to any right Appellant might have to file a facially sufficient rule 3.800(a) motion indicating additionally how the face of "the record" establishes an entitlement to relief.
BOOTH, J. concurs; BENTON, J., dissents with opinion.
BENTON, J., dissenting.
I would reverse with directions that the trial court examine the record in order to ascertain, if possible, whether appellant's consecutive habitual sentences were imposed for offenses that occurred as part of a single episode. To the extent the majority opinion holds that this issue is cognizable under Florida Rule of Criminal Procedure 3.800, I fully agree. In my view, however, the pleading standard to which the majority holds this pro se litigant is unduly exacting, and will likely result in two proceedings where one would do.