805 So.2d 61 (2002)
Donald HILL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-3017.
District Court of Appeal of Florida, Third District.
January 16, 2002.
Rehearing Denied February 1, 2002.
*62 Donald Hill, in proper person.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and GERSTEN, JJ.
COPE, J.
Donald Hill appeals an order denying his motion to correct illegal sentence, which we treat as a motion to correct an incorrect calculation in the sentencing scoresheet. See Fla. R.Crim. P. 3.800(a). We affirm.
Defendant was convicted of three counts of sexual battery, as well as simple battery and kidnapping. The crime dates were in March of 1990.
The trial court prepared a category two scoresheet, on which the defendant received 508 points. The recommended sentencing range was twenty-two to twenty-seven years, and the permitted range was seventeen to forty years. The court sentenced defendant-appellant Hill to twenty-seven years.
In his Rule 3.800(a) motion, defendant argued that there were two scoring errors. Defendant contended that upon the correction of those errors, he would be dropped into a lower guidelines range and that his guidelines sentence would have to be reduced. We disagree.
To begin with, the defendant has made the mistaken assumption that his maximum guidelines sentence was twenty-seven years. In reality, the maximum of the permitted range was forty-years. Even if the defendant were correct regarding his claim of scoring error and even if the defendant were dropped into the next lower guidelines range, the permitted range would be twenty-seven years. See Fla. R.Crim. P. 3.988(b). Thus, his present twenty-seven-year sentence would still fit within the guidelines.
Turning to the defendant's actual claims of scoring error, we conclude that the claims are without merit. The defendant received a score of five points for simple battery, which was one of the additional offenses at conviction. Defendant contends that this offense should not have been scored because the trial court suspended the sentence. That is not so.
Because simple battery was one of the five counts on which the defendant was convicted, it was properly included on the scoresheet. The fact that at sentencing the trial court elected to suspend sentence on this particular count does not mean that *63 the court must go back and unscore an offense which has been properly scored. A conviction is to be included even if the sentence was suspended. Fla. R.Crim. P. 3.701(d)(2).
Defendant also claims that there was a scoring error in his prior record. The scoresheet reflects two prior third degree felonies. The defendant argues that one of the two, a 1985 conviction for grand theft, is a case in which adjudication was withheld. He contends that an offense on which adjudication was withheld cannot be counted as prior record. Again, we disagree.
Under the applicable Florida Rule of Criminal Procedure, "`Conviction' means a determination of guilt resulting from plea or trial regardless of whether adjudication was withheld or whether imposition of sentence was suspended." Fla. R.Crim. P. 3.701(d)(2) (emphasis added).
"`Prior record' refers to any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense." Id. 3.701(d)(5).
In accordance with the plain words of the rule, an offense is properly scored as prior record under Rule 3.701 even if adjudication was withheld. Ward v. State, 568 So.2d 452 (Fla. 3d DCA 1990).
We recognize that the First District Court of Appeal has reached a different conclusion in Batchelor v. State, 729 So.2d 956 (Fla. 1st DCA 1999); see also Negron v. State, 799 So.2d 1126 (Fla. 5th DCA 2001); State v. Freeman, 775 So.2d 344 (Fla. 2d DCA 2000), review denied, 790 So.2d 1108 (Fla.2001). We respectfully disagree with those cases. The Batchelor interpretation fails to follow the express terms of the rule. This is not, however, an appropriate case in which to certify conflict, because as already stated, defendant's twenty-seven-year sentence would still be within the permitted range even if the defendant's score were reduced and dropped into the next-lower guidelines range.
Affirmed.