STRINGER, Judge.
Alonzo McCullough challenges the order of the trial court denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the attachments to the trial court’s order do not conclusively refute the claim, we reverse and remand for further proceedings.
McCullough filed a rule 3.800(a) motion alleging that a burglary conviction that was scored in the “prior record” category on the sentencing guidelines scoresheet was in fact a third-degree felony but was scored as a second-degree felony. Such a claim is cognizable in a 3.800(a) motion where the error can be corrected based on the face of the record and the movant so alleges. McCullough v. State, 777 So.2d 1091 (Fla. 2d DCA 2001). In his motion, McCullough claimed that he had four juvenile adjudications for burglary, one of which was a third-degree felony. He further alleged that this juvenile adjudication for a third-degree felony was scored as a second-degree felony on his sentencing guidelines scoresheet. The “prior record” category on the scoresheet indicates that McCullough had four prior second-degree felony convictions and no prior third-degree felony convictions. In McCullough, we reversed the order denying McCullough’s motion and remanded with instructions that the trial court consider his claim. On remand, the trial court again denied the motion, attaching a copy of a judgment and sentence showing an adult conviction for a second-degree felony with burglary as the offense.
However, the attachments to the trial court’s order do not conclusively refute McCullough’s claim. As noted, the guidelines scoresheet indicates that McCullough had four prior second-degree felony convictions. We have no way of determining from the attachments whether a juvenile adjudication for a third-degree felony was improperly scored as a second-degree felony since the attachments do not reflect the nature of the underlying offenses in three of McCullough’s four prior second-degree felony convictions. Accordingly, we reverse the order of the trial court and remand for further proceedings. If the trial court again denies this claim, it shall attach those portions of the record that conclusively refute the claim, or it shall demonstrate that the claim is not determinable from the face of the record.
Reversed and remanded.
NORTHCUTT and CASANUEVA, JJ„ Concur.