SILBERMAN, Judge.
Christopher McMillian challenges the order of the trial court denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure *355 3.800(a). Because McMillian failed to allege that his claim can be determined from the face of the record, we affirm.
McMillian alleged that prior offenses to which he pleaded no contest, and for which the adjudications were withheld and probation successfully completed, were improperly scored as prior offenses on his sentencing guidelines scoresheet. The trial court denied the claim, relying on Hill v. State, 805 So.2d 61 (Fla. 3d DCA 2002). Hill held that “an offense is properly scored as prior record under [Florida Rule of Criminal Procedure] 3.701 even if adjudication was withheld.” Id. at 63 (citation omitted). Hill noted, however, that other district courts of appeal had reached different conclusions, including the First District in Batchelor v. State, 729 So.2d 956 (Fla. 1st DCA 1999), and the Second District in State v. Freeman, 775 So.2d 344 (Fla. 2d DCA 2000). In Freeman, this court aligned itself with the First District’s decision in Batchelor and agreed:
a no contest plea followed by a withhold of adjudication and completed probation is not a “conviction” under Florida Rule of Criminal Procedure 3.704(d)(6), which defines “conviction,” for purposes of the Criminal Punishment Code, as “a determination of guilt that is the result of a plea or trial, regardless of whether adjudication is withheld.”
Freeman, 775 So.2d at 345 (footnote omitted).[1]
In the present case, McMillian was sentenced pursuant to the 1994 sentencing guidelines, not the Criminal Punishment Code. Batchelor also involved a sentence under the 1994 sentencing guidelines. Batchelor sought relief under Florida Rule of Criminal Procedure 3.850, asserting that his attorney had been ineffective by failing to object to errors in the prior record portion of the sentencing guidelines score-sheet. Batchelor, 729 So.2d at 957. Batchelor alleged that he had pleaded no contest to the prior offense, that adjudication was withheld, and that he successfully completed his probation. Id. The court in Batchelor concluded that the allegations presented a prima facie claim that the prior offense should not have been scored as prior record since it did not come within the definition of “conviction” as set out in Florida Rule of Criminal Procedure 3.702(d)(2) and that counsel was ineffective for not objecting to it being scored. Id. at 958.
A claim of scoresheet error is cognizable in a rule 3.800(a) motion “where the error can be corrected based on the face of the record and the movant so alleges.” McCullough v. State, 805 So.2d 86, 87 (Fla. 2d DCA 2002) (citation omitted). Because McMillian did not allege that any scoresheet error could be resolved from the court record, he did not present a facially sufficient claim. We therefore affirm the order of the trial court without prejudice to McMillian’s raising his claim, should he be able to do so, in a facially sufficient rule 3.800(a) motion or a timely, facially sufficient motion filed pursuant to rule 3.850. Should McMillian present a facially sufficient claim for relief, the trial court shall be bound by our ruling in Freeman rather than by the Third District’s contrary ruling in Hill.
Affirmed.
PARKER and STRINGER, JJ., concur.

. In Negron v. State, 799 So.2d 1126 (Fla. 5th DCA 2001), the Fifth District aligned itself with the decisions in Batchelor and Freeman. In Montgomery v. State, 821 So.2d 464 (Fla. 4th DCA 2002), the Fourth District disagreed with Batchelor and certified conflict with Batchelor, Freeman, and Negron.