DAVIS, Judge.
Anthony Brownlee appeals the trial court’s denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse.
Anthony Brownlee was convicted of trafficking in cocaine and possession of cannabis on April 29, 1998. The trial court sentenced him to 23.3 months’ prison followed by two years’ probation. Upon a finding that Brownlee had violated the terms of his probation order, the trial court sentenced him to fifty-eight months’ prison on January 17, 2001. On June 3, 2002, Brownlee filed his motion to correct sentence pursuant to rule 3.800(a). He alleged that the twelve points assessed on his scoresheet for a community sanction violation was in error. From the face of the scoresheet, it appears that the twelve points were assessed for a new felony conviction. Brownlee argues that as of the date of the sentencing, he had not been convicted of the new felony.
The trial court denied the relief, pointing out that the affidavit of violation alleged three counts of violating condition five of the probation order which required the probationer to abide by the law. Each count specified a separate criminal charge that Brownlee was facing and designated the police report number describing each incident. Of the three charges, one was for felony possession of cocaine. The trial court attached the affidavit of violation of probation and the calendar report that indicated that the trial court found Brownlee guilty of violating condition five. Based on these documents, the trial court concluded that the points were properly assessed.
For Brownlee to obtain the requested relief, the allegation must be capable of resolution by reference to record at the trial court. If the error is such that other proceedings are required, then a rule 3.800(a) motion is inappropriate; however, relief may be available under Florida Rule of Criminal Procedure 3.850. See Atwood *905 v. State, 765 So.2d 242 (Fla. 1st DCA 2000).
The trial court concluded that this allegation was resolved by documents from the trial court record, and it attached those documents to its order denying relief. The attachments to the trial court’s order, however, do not conclusively show that, as of the date the scoresheet was prepared, Brownlee had been convicted of the new felony charge. Rather, the attachments only show that the police had charged Brownlee and that the trial court found Brownlee had violated condition five of his probation order. Brownlee alleged in his motion that the date of the conviction for the new felony charge was February 1, 2001, and he provided the trial court case number for that charge. There is nothing in our appellate record that refutes this allegation.
Accordingly, the trial court’s order denying the motion is reversed, and this cause is remanded for further review. If there is evidence in the trial court’s record that refutes Brownlee’s allegation, the trial court may again deny the relief and attach a copy of that documentation to its order. If the record confirms Brownlee’s representation, the trial court should grant the requested relief. If there is nothing in the record that either refutes or affirms the allegation, the trial court should deny the motion without prejudice to Brownlee’s filing, if appropriate, a motion pursuant to rule 3.850. See Atwood, 765 So.2d 242.
Reversed and remanded.
SALCINES and COVINGTON, JJ., Concur.