PER CURIAM.
The appellant challenges the order by which the trial court denied, following an evidentiary hearing, his Florida Rule of Criminal Procedure 3.850 motion. Because the trial court improperly dismissed the appellant’s claim alleging scoresheet error, we reverse the denial of that claim. But we affirm the denial of the remaining claims.
The trial court improperly dismissed the appellant’s allegation on the ground that trial court error is not cognizable in a postconviction motion. But claims of scoresheet error are cognizable under rule 3.850. See Atwood v. State, 765 So.2d 242, 242-43 (Fla. 1st DCA 2000).
The appellant’s motion alleges that his current sentence of seven years’ imprisonment could not be imposed under a properly calculated scoresheet. During the evidentiary hearing, the state presented a certified copy of the appellant’s judgment in Case Number 90-4820 which revealed that the conviction was for a third-degree felony, not a second-degree felony as referenced and scored. Correction of this scoring error would reduce the appellant’s score by 11.6 points.
The error cannot be considered harmless because the appellant’s new maximum sentence is less than the appellant’s actual sentence. See Hummel v. State, 782 So.2d 450, 451 (Fla. 1st DCA 2001).
The dismissal of the appellant’s claim alleging scoresheet error is accordingly reversed, and this case is remanded to the trial court for proper calculation of the appellant’s scoresheet and imposition of a sentence within the guidelines.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WOLF, C.J., ALLEN and BENTON, JJ., concur.