IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

COREY McCLAIN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3066

_____/

Opinion filed February 16, 2015.

An appeal from an order of the Circuit Court for Bay County.
Michael C. Overstreet, Judge.

Corey McClain, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Charles R. McCoy, Senior Assistant
Attorney General, Tallahassee, for Appellee.

RAY, J.

Corey McClain appeals the summary denial of his motion to correct an illegal sentence, arguing that a scoresheet error caused his sentence to exceed the maximum that could have been imposed with a corrected scoresheet. To support his claim, he provided the trial court with portions of the record in a different criminal case to establish that a prior conviction listed on his guidelines scoresheet

was erroneously classified as a higher level offense, resulting in an increase in his maximum sentence exposure. The trial court denied the motion, concluding that a claim of scoresheet miscalculation is not cognizable in a motion pursuant to Florida Rule of Criminal Procedure 3.800(a) if the error is not apparent from the face of the scoresheet. For the reasons that follow, we conclude that the trial court should have dismissed Appellant's motion as facially insufficient, rather than deny it on its merits.

Contrary to the trial court's position, a claim that a sentencing scoresheet was incorrectly calculated may be raised at any time pursuant to Rule 3.800(a) as long as the error is apparent *on the face of the record*. See Atwood v. State, 765 So. 2d 242, 243 (Fla. 1st DCA 2000) ("If an erroneous scoresheet calculation is apparent on the face of the record, it is reviewable under rule 3.800(a).") (quoting Johnson v. State, 702 So. 2d 247, 248 (Fla. 4th DCA 1997)); Lewis v. State, 719 So. 2d 924, 925 (Fla. 1st DCA 1998) (reversing where the trial court denied a claim of scoresheet error on the basis that it was not apparent from the face of the scoresheet rather than considering whether the error was apparent from the face of the record); but see Hernandez v. State, 698 So. 2d 906, 906 (Fla. 4th DCA 1997) ("[S]coresheet errors that are not apparent from the face of the scoresheet may result in an erroneous sentence correctable on direct appeal, but not on a motion pursuant to rule 3.800(a).") (quoting Judge v. State, 596 So. 2d 73, 77 (Fla. 2d

2

DCA 1991)). Accordingly, under our precedent, the trial court should not have denied Appellant's motion for the reason that the alleged scoresheet error was not apparent on the face of the scoresheet alone.

Nevertheless, Appellant's motion was facially insufficient because it failed to affirmatively allege that the court records *of the proceedings in which the challenged sentence was imposed* demonstrate on their face an entitlement to relief. See Tyson v. State, 852 So. 2d 428, 429 (Fla. 2d DCA 2003) (holding that Rule 3.800(a) motion "was facially insufficient because it did not 'affirmatively allege[] that the court records [in the instant proceeding] demonstrate on their face an entitlement to th[e] relief' sought.") (quoting Fla. R. Crim. P. 3.800(a)); cf. McCullough v. State, 777 So. 2d 1091, 1091-92 (Fla. 2d DCA 2001) (holding that Rule 3.800(a) motion was facially sufficient because the motion "alleged that the error could be corrected based on record evidence"). Appellant's exclusive reliance on record excerpts from a *different criminal case* to substantiate his claim of scoresheet error renders his claim beyond the scope of sentencing errors correctable under Rule 3.800(a). To the extent that there may be records in the instant proceedings that demonstrate on their face an entitlement to relief, it was and remains Appellant's burden – not the trial court's – to specifically identify those records. See Johnson v. State, 60 So. 3d 1045, 1049 (Fla. 2011) ("Under rule 3.800(a), 'the burden [is on] the petitioner to demonstrate an entitlement to relief

3

on the face of the record.' ") (quoting <u>Williams v. State</u>, 957 So. 2d 600, 602 (Fla. 2007)).

We, therefore, reverse the trial court's order and remand for entry of an order of dismissal without prejudice to any right Appellant may have to file a facially sufficient Rule 3.800(a) motion or a timely and facially sufficient motion pursuant to Rule 3.850. <u>See</u> <u>Livingston v. State</u>, 944 So. 2d 1254, 1255 (Fla. 2d DCA 2006).

MAKAR and BILBREY, JJ., CONCUR.