275 So.2d 261 (1973)
John Michael PAYNE, Appellant,
v.
STATE of Florida, Appellee.
No. 71-750.
District Court of Appeal of Florida, Fourth District.
March 28, 1973.
*262 Philip T. Weinstein of Cunningham & Weinstein, Miami, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William W. Herring, Asst. Atty. Gen., West Palm Beach, for appellee.
REED, Chief Judge.
This is an appeal by the defendant from a judgment of the Court of Record for Broward County, Florida adjudicating the defendant guilty of possession of LSD in violation of § 404.02(5), F.S. 1969, F.S.A. Several issues are raised by the defendant, but one is dispositive. Did the trial judge, after a trial without a jury, commit error by adjudicating the defendant guilty of possession of LSD under § 404.02(5), F.S. 1969, F.S.A., when the information charged the defendant with delivery of LSD in violation of § 404.02(1), F.S. 1969, F.S.A.?
It is a fundamental right of a person called upon to respond to criminal charges to be notified by the accusatory pleading of all offenses for which he may be convicted in the proceeding. Fla. Const., 1968, art. I § 16, F.S.A. Nonetheless, by procedural rule and case construction thereof a defendant under a criminal charge may be convicted of any crime which is "necessarily included" in the offense charged or which is included within the allegations of the accusatory pleading and shown by the proofs. Rule 3.510, RCrP, 33 F.S.A. and Brown v. State, Fla. 1968, 206 So.2d 377, 383.
The concept of "included offenses" is not of recent origin and may serve legitimate interests of both the state and a person charged with crime. See Brown v. State, supra. However the complexity of modern criminal statutes and conduct have made the concept a breeding ground for judicial uncertainty and error. For example, consider the following from State v. *263 Anderson, Fla. 1972 (Rehr. dn. 1/12/73), 270 So.2d 353, 356:
......
"In Goswick v. State, 143 So.2d 817 (Fla. 1962), we held that a lesser offense would be considered to be included in the greater offense if supported by the evidence adduced at the trial, regardless of the allegation of the accusatory pleading. In State v. Smith, 240 So.2d 807 (Fla. 1970), we receded from Goswick v. State, supra. The District Court of Appeal in the case sub judice noted that Goswick was cited with approval by this Court in Delaine v. State, supra. [262 So.2d 655, Fla. 1972]. However, we have withdrawn the opinion in Delaine v. State, supra, upon which the District Court of Appeal relied and substituted another which is in conformity with the principles of Brown v. State, supra, and State v. Smith, supra."
......
Because of the foregoing it might at some point be wise to abandon the concept of included offenses as a general principle in favor of procedural rules authorizing the application of the concept to specifically designated offenses.
At present a necessarily included offense is one which is of necessity proved by proof of another offense. Brown v. State, supra. The state concedes, and we agree, that the offense of possession as proscribed by § 404.02(5), F.S. 1969, F.S.A. is not necessarily included within the offense of delivering proscribed by § 404.02(1), F.S. 1969, F.S.A. The state contends, however, that the offense for which the defendant was convicted (possession) was an included offense for which the defendant could be convicted under the information because the elements of that offense (possession) were alleged in the information and were shown by the evidence. In pertinent part, the information alleged that the defendant and others, "... did unlawfully and feloniously deliver, cause to be delivered and sell a certain hallucinogenic drug, to-wit: LYSERGIC ACID DIETHYLAMIDE, commonly called LSD, to A. McLellan, contrary to F.S. 404.02(1)." By contrast, the offense for which the defendant was convicted is described in the statute as follows:
"... (5) The actual or constructive possession or control of an hallucinogenic drug by any person, . .."
The state's brief says: "... that the language of the information; `... deliver, cause to be delivered and sell ...' encompasses and contemplates possession, actual or constructive."
While the state may be correct that an allegation of delivery implies possession or constructive possession, an implied allegation is insufficient to bring a secondary offense within the scope of the information where the secondary offense is not a necessarily included offense. Where the secondary offense is not necessarily included within the offense charged, the elements of the secondary offense must be specifically alleged  not implied  by the accusatory instrument. State v. Anderson, supra. For this reason we conclude that the trial court erred in adjudicating the defendant guilty of possession of LSD in violation of § 404.02(5), F.S. 1969, F.S.A. under the averments of the aforesaid information.
Apparently against the possibility of a reversal, the state's brief suggests that double jeopardy would not bar the state from filing a new information charging possession. This issue is not properly before us, and we express no view thereon.
The judgment appealed from is reversed, the sentence vacated and the defendant discharged.
WALDEN and MAGER, JJ., concur.