BERANEK, Judge.
Defendant appeals his conviction and sentence on six counts of grand larceny charged under Section 812.021(l)(a), Florida Statutes (1975). We find error and reverse.
Defendant was the sole owner and president of a corporation. All other corporate officers were immediate family members and the corporation was run as a family business. Defendant was initially charged with 54 counts of larceny of money from the corporation and eventually convicted of six counts. Each' conviction was based on a particular corporate check which, was used to pay personal expenses which the State asserted were unauthorized as corporate expenditures. Three checks were issued to pay for furniture in the defendant’s residence. Two cheeks were issued to pay defendant’s condominium assessments and utilities and the last check was issued to an individual in repayment of a loan given to the defendant rather than to his corporation. Shortly after the transactions involved in the 54 counts, the defendant’s corporation went into bankruptcy, leaving many outstanding debts to creditors.
Defendant first asserts a variance between the information and the proof at trial. As previously indicated, defendant was specifically charged by an information under Section 812.021(l)(a), Florida Statutes (1975), which provides as follows:
812.021 “Larceny” defined; penalties; sufficiency of indictment, information or warrant.—
(1) A person who with intent unlawfully to deprive or defraud the true owner of his property or of the use and benefit thereof, or to appropriate the same to the use of the taker or of any other person:
(a) Takes from the possession of the true owner, or of any other person; or obtains from such person possession by color or aid of fraudulent or false representations or pretense, or of any false token or writing; or obtains the signature of any person to a written instru *1136 ment, the false making whereof would be punishable as forgery; or secretes, withholds, or appropriates to his own use, or that of any other than the true owner, any property;
Defendant asserts error because he contends the prosecution was really under Section 812.021(l)(b), which provides:
(b) Having in his possession, custody or control, as a broker, bailee, public servant, attorney, agent, employee, clerk, trustee, or officer of any person, association, or corporation, member of copart-nership, pool or joint adventure, or as a person authorized by agreement, or by competent authority, to hold or take such possession, custody, or control, any property, appropriates the same to his own use, or that of any other person other than the true owner or person entitled to the benefit thereof;
Although the State alleged reliance on subsection (a) in the information, it is apparent that the entire theory of the case was actually bottomed on sub-section (b). This fact was brought to the court’s attention prior to trial at a hearing on other matters. At that time the State orally advised defendant that the theory of the case was actually embezzlement under sub-section (b). Despite this oral announcement, the information was never amended to so reflect. Defendant’s objections in this regard both before and during trial were overruled. Other important amendments to the information were allowed on the morning of the first day of trial, and the State’s failure to amend regarding the sub-sections describing larceny and embezzlement is unexplained. The jury was instructed on subsection (b) over defendant’s objection and evidence germane to embezzlement was admitted over objection. Defendant relies upon King v. State, 104 So.2d 730 (Fla.1957), in urging a fatal variance between the charge and the proof. That case held that where the information identifies with particularity the exact section of the statute upon which the charge is based, no other statute can be substituted for the one actually selected.
In considering this argument and whether the variance between the information and the proof resulted in prejudice we turn to the defendant’s next point on appeal, which is closely related. Defendant contends the State failed to prove that property taken from the corporation was without the consent of the owner, an essential element of either larceny or embezzlement. Defendant argues that the evidence showed that the corporation of which he was president and the sole beneficial owner clearly gave its consent. The prosecution counters with the argument that an owner can steal from his own corporation. The State chose to prove defendant’s deceit or criminal intent negating consent by presenting evidence of creditor fraud. Our review of the record convinces us that creditor fraud became the main thrust of the prosecution. The State continually urged by evidence and argument over defendant’s objection that the creditors of the bankrupt corporation were the real victims of the payments made for defendant’s personal expenses. The State maintained that but for these unauthorized expenditures of corporate funds, the creditors would have been able to look to the corporate assets for repayment. Even on appeal, the State urges creditor fraud as a reason for affirmance. We have difficulty with inferring embezzlement from a corporate victim by proof of fraud against a creditor victim especially when the information neither charged the defendant under the embezzlement section nor alleged his relationship to the corporate owner. See generally Biederman v. State, 392 So.2d 982 (Fla. 4th DCA 1981).
After a review of all the evidence, we conclude that the State simply failed to prove the essential elements of larceny or embezzlement. The proof is deficient on the issue of the victim of the larceny. The information asserts that the corporation was the victim and that corporate property was taken by larceny. The proof at trial, at most, seemed to indicate that the creditors of the corporation were the victims. It may be well that fraud against corporate creditors should be a criminal offense. However, we do not construe section 812.- *1137 021(l)(a) or (b), Florida Statutes (1975), as proscribing fraud against the creditors of a corporation. Even if the statute could be stretched to this extent, the information specifically delineated the victim as the defendant’s corporation rather than the creditors of the corporation. Under the circumstances we conclude that the State failed to prove the case as alleged in the information and the defendant was entitled to a directed judgment of acquittal. The judgment below is reversed and judgment of acquittal is hereby entered.
OWEN, WILLIAM C., Jr., Associate Judge (Retired), concurs.
ANSTEAD, J., concurs specially with opinion.