591 So.2d 257 (1991)
Lucio John SALAS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2039.
District Court of Appeal of Florida, Fourth District.
October 9, 1991.
*258 Lucio John Salas, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The appellant/petitioner Lucio John Salas is a Florida prisoner whose convictions for nine separate crimes were affirmed by this court on direct appeal in Salas v. State, 509 So.2d 939 (Fla. 4th DCA 1987). For his crimes, all of which arose out of a November 1, 1985, incident in which he committed several acts of rape, assault, and kidnapping after breaking into a neighbor's home, appellant was sentenced to six terms of natural life, one term of fifteen years, and two terms of five years each, all to run concurrently. Following an evidentiary hearing, the trial judge denied appellant's petition for post-conviction relief under rule 3.850, Florida Rules of Criminal Procedure. Appellant timely filed a notice of appeal and has raised several issues, only one of which merits discussion.
It seems that during trial and after the close of the evidence, appellant's defense attorney renewed his motion for judgment of acquittal on all charges, including Count VI of the information which charged that appellant committed an aggravated battery upon the victim by cutting her arm with a knife. Although the trial judge agreed the evidence was insufficient to sustain the battery charge, he determined that there was sufficient evidence on which to charge the jury on aggravated assault, perceiving it to be a lesser included offense of aggravated battery. Defense counsel not only failed to object, he actually acceded to the trial judge's decision.
Appellant contends, and we agree, that he had a constitutional right to be tried only on the counts as charged and that he was deprived of the effective assistance of counsel when his attorney consented to what amounted to an amendment of the information at trial. In denying the petition, the trial judge wrongly concluded that defense counsel had effectively succeeded in reducing the charge to the lesser included offense of aggravated assault. In point of fact, "aggravated assault is not a lesser included offense of aggravated battery... ." State v. Whitfield, 487 So.2d 1045, 1045 n. 1 (Fla. 1986).
While the supreme court's decision in Whitfield was not announced until some six months after appellant committed his offense, it had long been the law, at least in the fourth district, that aggravated assault is not a necessarily lesser included offense of aggravated battery and it can be considered an included offense only, if at all, where the information charges the elements of both and the facts necessary to support both. See Jones v. State, 358 So.2d 37 (Fla. 4th DCA), cert. denied, 364 So.2d 887 (Fla. 1978). Our review of Count VI of the information reveals that it alleged neither all of the elements of aggravated assault nor the facts necessary to support such a charge. Appellant's counsel therefore could not reasonably have labored under the assumption that aggravated *259 assault was a lesser included offense of aggravated battery in this case.
But for defense counsel's acquiescence to amendment of the information to include a charge of aggravated assault, the state would not have been entitled to have the jury instructed on this new charge. This is so even though the offenses "are closely related and of the same general nature of character and punishable by the same grade of punishment." Jiminez v. State, 231 So.2d 26, 27 (Fla. 3d DCA 1970). Accord Rose v. State, 507 So.2d 630 (Fla. 5th DCA 1987); Kahlenberg v. State, 404 So.2d 1135 (Fla. 4th DCA 1981). That is not to say, however, that the state would have been prohibited from bringing a second prosecution for aggravated assault. See State v. Shaw, 415 So.2d 93 (Fla. 4th DCA 1982) (subsequent prosecution not barred where initial information charged sale to wrong detective); London v. State, 347 So.2d 639 (Fla. 4th DCA 1977) (defendant could be prosecuted for introducing marijuana onto grounds of a penal institution even though he already had been convicted of possession of the same marijuana).
Based on the foregoing, we conclude appellant was denied the effective assistance of counsel as regards Count VI of the information only. We therefore reverse and remand with instructions to the trial judge to grant appellant's rule 3.850 motion as to Count VI and enter judgment of acquittal as to that charge alone, affirming all other convictions and sentences.
REVERSED AND REMANDED.
GLICKSTEIN, C.J., ANSTEAD, J., and OFTEDAL, RICHARD L., Associate Judge, concur.