W. SHARP, Judge.
Moody appeals from his conviction and sentence for aggravated assault.[1] He had been charged with aggravated battery: beating the victim (Singleton) with a hammer, brick or stick; and causing permanent disability or permanent disfigurement.[2] Although the evidence presented at trial would have supported a conviction for aggravated assault, Moody argues the jury should not have been instructed on that crime because he was not charged with it by the information and aggravated assault is not a lesser included offense of aggravated battery. State v. Whitfield, 487 So.2d 1045 n. 1 (Fla.1986). We agree and reverse.
The State argues that Moody waived this objection by failing to object to the instruction on aggravated assault as a lesser included offense. The record shows the following colloquy took place at the charge conference:
THE COURT: Let’s run over the instructions here for just a few minutes. Aggravated battery instruction, and do you want the lesser of battery?
MR. GUTIERREZ (defense counsel): Yes, Your Honor
MR. JONES (prosecutor): How about aggravated assault?
THE COURT: Well, do you want the lesser of aggravated assault?
MR. GUTIERREZ: No, I don’t think so.
THE COURT: What’s the State’s position?
MR. JONES: He said he was placed in fear.
THE COURT: The evidence does show that they could find aggravated assault as a lesser, so I'll list that also as being a third degree felony.
It appears defense counsel did object to the instruction. Nor did defense counsel rely on that instruction in presenting his closing argument. Thus, no waiver of the misinstruction occurred in this case. See Ray v. State, 403 So.2d 956 (Fla.1981).
Accordingly, we reverse Moody’s conviction and sentence for aggravated assault because he was neither charged nor prosecuted for that offense. This decision, however, will not prevent the State from prosecuting Moody for aggravated assault based on a properly drafted information. See Salas v. State, 591 So.2d 257 (Fla. 4th DCA 1991).
REVERSED and REMANDED.
PETERSON, J., concurs.
DAUKSCH, J., concurs in conclusion only.

. § 784.021, Fla.Stat. (1989).

. § 784.045(1), Fla.Stat. (1989).