PARIENTE, Judge.
Appellant (defendant) appeals his conviction for armed burglary, aggravated assault with a firearm and grand theft. The state concedes that defendant’s conviction and sentence of ten years for aggravated assault with a firearm must be vacated because the trial court lacked authority to reduce defen *131 dant’s charge from armed robbery with a firearm to aggravated assault. We agree.
At the close of the state’s case, the court granted a directed verdict on the charge of armed robbery. Based on the state’s suggestion, the trial court substituted the charge of aggravated assault with a firearm for the armed robbery charge. Subsequent to defendant’s conviction and sentence, the supreme court in Taylor v. State, 608 So.2d 804 (Fla.1992) held that aggravated assault with a deadly weapon is not a category-one necessarily included offense to armed robbery, but a category-two permissibly lesser included offense. As a result, the trial court lacked authority to substitute the charge of aggravated assault with a firearm in lieu of armed robbery. See also Salas v. State, 591 So.2d 257 (Fla. 4th DCA 1991).
Accordingly the judgment and sentence for aggravated assault with a deadly weapon is vacated. We reject defendant’s other points on appeal; therefore, the remaining convictions and sentences are affirmed.
AFFIRMED IN PART; REVERSED IN PART.
STONE and POLEN, JJ., concur.