PER CURIAM.
The Defendant appeals his convictions for armed burglary of a conveyance and aggravated assault. We affirm the armed burglary conviction, but reverse the aggravated assault conviction and remand.
With regard to the aggravated assault conviction, the State originally charged the Defendant with aggravated battery. The information provided in pertinent part,
ANTHONY JEROME STOKES ... did unlawfully and intentionally touch or strike [the victim] against her will with a deadly weapon, to-wit: a carving knife, contrary to F.S. 784.045.
After the evidence had been presented, the defense moved to dismiss the aggravated battery charge. The trial court, concluding the evidence was insufficient to establish aggravated battery, reduced the charge to aggravated assault over the defense’s objection. The aggravated assault charge was submitted to the jury, which found him guilty.
On appeal, the Defendant argues the trial court erred in reducing the aggravated battery charge to aggravated assault, because aggravated assault is not a lesser included offense of aggravated battery and the information failed to allege the elements and facts to support aggravated assault. We agree.
“It is a fundamental right of a person called upon to respond to criminal charges to be notified by the accusatory pleading of all offenses for which he may be convicted in the proceeding.” Payne v. State, 275 So.2d 261, 262 (Fla. 4th DCA 1973). “Nonetheless, by procedural rule and case construction thereof a defendant under a criminal charge may be convicted of any crime which is ‘necessarily included’ in the offense charged or which is included within the allegations of the accusatory pleading and shown by the proofs.” Id.
“Aggravated assault is not a necessarily lesser included offense of aggravated battery and it can be considered an included offense only, if at all, where the information charges the elements of both and the facts necessary to support both.” Salas v. State, 591 So.2d 257, 258 (Fla. 4th DCA 1991); see Moody v. State, 597 So.2d 839 (Fla. 5th DCA 1992). Here, the information has not alleged the elements or the facts necessary to support aggravated assault, because it failed to allege that the Defendant placed the victim in fear by threatening to do violence, coupled with the apparent ability to do so. See §§ 784.011, 784.021, Fla. Stat. (2000). Accordingly, we reverse the aggravated assault conviction and remand.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GUNTHER, POLEN and STEVENSON, JJ., concur.