SHAHOOD, J.
Appellant, Jerome Ardis Range, was charged by Information with battery on a police officer and after a bench trial was found guilty of assault and sentenced to time served. Appellant seeks reversal of his conviction because he was convicted of a crime which was not charged in the Information against him and which is not a lesser included offense of the crime which was charged. Appellee, State of Florida, acknowledges that the law in this district supports appellant’s position.
In K.H. v. State, 763 So.2d 1187, 1188 (Fla. 4th DCA 2000), the defendant was charged with aggravated battery and was tried by the trial court. He was found guilty of aggravated assault, a crime which is not a lesser-included offense of aggravated battery. Id. In reversing, this court held,
To be convicted of any lesser-included offense, absent a waiver, the information charging the greater offense must allege the elements of the lesser offense. See, e.g., Gay v. State, 432 So.2d 602, 604 (Fla. 2d DCA 1983). Here, the information did not allege that Appellant committed an act creating a well-founded fear that violence to the victim was imminent, as required by section 784.021, Florida Statutes. Conviction under these circumstances constitutes fundamental error. See Ray v. State, 403 So.2d 956 (Fla.1981), called into doubt on other grounds, Greene v. State, 714 So.2d 554 (Fla. 2d DCA 1998).
*380 Accordingly, -based on K.H., we reverse appellant’s conviction for assault.
REVERSED.
STONE and GROSS, JJ., concur.