SILBERMAN, Judge.
Carl Wheeler appeals his judgment and prison releasee reoffender (PRR) sentence for aggravated assault and Ms judgment and sentence for improper exhibition of a dangerous weapon. We affirm in all respects but write only to address the issue of the applicability of PRR sentencing for the offense of aggravated assault.
Wheeler’s aggravated assault conviction arose from an incident in which he held a BB gun to the head of a ten-year-old boy. Wheeler contends that he did not qualify for a PRR sentence under section 775.082(9)(a)(l)(j), Florida Statutes (2002), which lists “[aggravated assault with a deadly weapon” as a qualifying offense. The trial court, however, determined that Wheeler’s conviction qualified for PRR sentencing under section 775.082(9)(a)(l)(o) as “[a]ny felony that involves the use or threat of physical force or violence against an individual.” Wheeler argues that the legislature did not intend this “catch-all” provision to apply to aggravated assault. However,
[[legislative intent must be determined primarily from the language of the statute. “[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.”
State v. VanBebber, 848 So.2d 1046, 1049 (Fla.2003) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)) (citation omitted); see also Dolly Bolding Bail Bonds v. State, 787 So.2d 73, 74 (Fla. 2d DCA 2001).
The catch-all provision refers to “[a]ny felony that involves the use or threat of physical force or violence.” § 775.082(9)(a)(l)(o) (emphasis added). Here, it is clear that the aggravated assault by placing a BB gun to a child’s head involved the threat of violence against an individual so as to fall within section 775.082(9)(a)(l)(o). Therefore, we conclude that the trial court properly imposed Wheeler’s PRR sentence for aggravated assault.
Affirmed.
WALLACE, J., and THREADGILL, EDWARD F., Senior Judge, Concur.