938 So.2d 650 (2006)
JOHN NEGRON, Appellant,
v.
STATE OF FLORIDA, Appellee.
No. 4D04-4838.
District Court of Appeal of Florida, Fourth District.
October 11, 2006.
Carey Haughwout, Public Defender, and Frederick Arthur Mullins, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, John Negron, was charged by information with aggravated battery. He appeals his conviction and sentence on the lesser included offense of aggravated assault. It was alleged that he drove a motor vehicle at and struck the victim, Marvin Manning (Manning). We reverse and remand for a new trial based on the following.
On the night of the incident leading to the charges against appellant, there was a pool tournament at a local bar in which both appellant and Manning participated. After being paired up in the tournament, Manning claimed to have seen appellant cheating. Manning confronted appellant but appellant denied doing anything wrong. As Manning was walking away from appellant, appellant hit him over the shoulder with a pool stick. Manning turned toward appellant but others in the bar intervened, preventing any further confrontation in the bar.
After being asked to leave, Manning exited the bar to the back alleyway to his car. Appellant exited through the front of the bar to his car. A witness, Debra Collins, knew both the appellant and Manning. She heard them arguing and also left toward the back alleyway to her car. While in the alleyway, she talked with Manning for a couple of minutes and then saw appellant driving his truck down the alleyway. She stood in front of appellant's truck and begged him not to do whatever he was going to do. Believing he was leaving, she got into her own car to leave. As she was driving away, she heard tires squeal and saw appellant come out of the alleyway doing about fifty miles an hour and almost "t-boned" her car. Back in the alleyway, a patron from the bar saw that Manning was injured and helped him into the bar. When the police arrived, Manning told them that his injuries were caused by appellant, who ran him over.
After the State and defense rested, the court asked appellant if he wanted any lesser included offenses presented to the jury and he stated that he wanted guilty or not guilty only with no lesser included offenses presented to the jury. The State requested the lesser included offense of aggravated assault and the defense counsel objected on appellant's behalf. The court instructed the jury on aggravated battery and the lesser included offense of aggravated assault.
Decisions regarding jury instructions are within the sound discretion of the trial judge and will be affirmed absent prejudicial error. See generally Ryder TRS, Inc. v. Hirsch, 900 So. 2d 608 (Fla. 4th DCA 2005). A jury may convict, based on the indictment or information, any attempt or lesser offense of the named offense under Florida Rule of Criminal Procedure 3.510.
An aggravated battery arises when a person who in committing a "battery" either "[i]ntentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or . . . [u]ses a deadly weapon." § 784.045(1)(a), Fla. Stat. A "battery" occurs when a person "[a]ctually and intentionally touches or strikes another person against the will of the other; or . . . [i]ntentionally causes bodily harm to another person." § 784.03(1)(a), Fla. Stat.
An aggravated assault is an "assault" with a deadly weapon without intent to kill or with an intent to commit a felony. § 784.021, Fla. Stat. An "assault" is "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011(1), Fla. Stat.
An aggravated assault has different elements than an aggravated battery. See Stokes v. State, 773 So. 2d 1239 (Fla. 4th DCA 2000). In order for aggravated assault to be a lesser included offense of aggravated battery, the information must charge the elements of both and there must be facts necessary to support both. Wilburn v. State, 840 So. 2d 384 (Fla. 2d DCA 2003), receded from on other grounds, Chambers v. State, 880 So. 2d 696 (Fla. 2d DCA 2004); see also Lawrence v. State, 685 So. 2d 1356, 1357 (Fla. 2d DCA 1996) (noting that to sustain a conviction of a category two lesser included offense, the information must allege each element of that crime).
As held in Stokes:
"Aggravated assault is not a necessarily lesser included offense of aggravated battery and it can be considered an included offense only, if at all, where the information charges the elements of both and the facts necessary to support both." Salas v. State, 591 So. 2d 257, 258 (Fla. 4th DCA 1991); see Moody v. State, 597 So. 2d 839 (Fla. 5th DCA 1992).
773 So. 2d at 1240.
In this case, the information did not allege the necessary elements to support a lesser included instruction for aggravated assault. The information did not allege that the defendant placed Manning in fear by a threat to do violence, coupled with the apparent ability to do so.
Here, the information charged appellant only with aggravated battery. The reversal of a conviction is warranted where the information fails to allege an essential element of a crime. See, e.g., Velasquez v. State, 654 So. 2d 1227 (Fla. 2d DCA 1995) (applying the general rule to convictions on lesser included offenses of aggravated assault where the information alleged only the elements of murder and not a well-founded fear); Range v. State, 834 So. 2d 379 (Fla. 4th DCA 2003) (conviction of assault reversed where court found that defendant was charged with battery and assault is not a lesser included offense of battery).
Based on the foregoing, we hold the trial court erred in instructing the jury on aggravated assault. We accordingly reverse and remand for a new trial. On remand, the State may file a new or amended information charging appellant with aggravated assault if it so elects. See K.H. v. State, 763 So. 2d 1187, 1188 n. 1 (Fla. 4th DCA 2000). Because we are reversing for a new trial we decline to address all other issues raised by appellant.
Reversed and Remanded for New Trial.
FARMER and TAYLOR, JJ., concur.
Not final until disposition of timely filed motion for rehearing.