DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEROME McCLELLION,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-4050

[March 16, 2016]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 01-16187 CF10A.

Jerome McClellion, Crawfordville, pro se.

No appearance required for appellee.

PER CURIAM.

Jerome McClellion appeals the denial of his rule 3.800(a) motion to correct an illegal sentence. We affirm because Appellant has not shown that his sentence is illegal and because the motion attempts to bring an untimely and procedurally-barred challenge to a conviction.[1] We write to further clarify that an unpreserved trial court error in allowing a jury to consider a lesser offense is not a conviction for an uncharged crime that can be raised at any time in a postconviction motion.

## Background

Appellant was charged in count one with aggravated battery on a law enforcement officer (LEO) based on the use of a deadly weapon (a motor vehicle). In October 2001, a jury convicted Appellant of a lesser offense included on the verdict form: aggravated assault on an LEO.[2] As to this

---

[1] Appellant's motion also asserted other meritless claims that he has not argued on appeal and which are deemed abandoned. *Hammond v. State*, 34 So. 3d 58, 59 (Fla. 4th DCA 2010).

[2] Appellant was convicted of other counts, but they are not at issue on appeal.

count, the court sentenced Appellant as a habitual felony offender to thirty years in prison with a fifteen-year mandatory minimum as a prison releasee reoffender (PRR). On direct appeal, we reversed the convictions on counts two and three because those charges occurred in Dade County and venue was not proper in Broward. *McClellion v. State*, 858 So. 2d 379, 380 (Fla. 4th DCA 2003). His conviction and sentence on count one were not disturbed.

Appellant filed this rule 3.800(a) motion in December 2014. His motion claims that aggravated assault on a LEO does not qualify for PRR sentencing.

## Analysis

Appellant has not shown that his PRR sentence is illegal. First, although Appellant relies on *Walker v. State*, 965 So. 2d 1281 (Fla. 2d DCA 2007), that case is inapplicable because it concerned a conviction for simple battery on a law enforcement officer, *id.* at 1283, and "simple battery" is not enumerated in the PRR statute, as distinguished from "aggravated assault with a deadly weapon." § 775.082(9)(a)1., Fla. Stat. (2000).[3]

The offense of "aggravated assault," even without a deadly weapon, qualifies for PRR sentencing under the catchall provision in section 775.082(9)(a)1.o, which includes "[a]ny felony that involves the use or threat of physical force or violence against an individual." *Id.*; *Wheeler v. State*, 898 So. 2d 1052, 1053 (Fla. 2d DCA 2005). The Florida Supreme Court has recognized that an assault necessarily involves a threat of violence and qualifies under the catchall provision in the PRR statute. *State v. Hackley*, 95 So. 3d 92, 94 (Fla. 2012); *see also Shaw v. State*, 26 So. 3d 51, 53 (Fla. 5th DCA 2009).

---

[3] "Aggravated assault with a deadly weapon" is expressly enumerated and qualifies for PRR sentencing. § 775.082(9)(a)1.j., Fla. Stat. (2000). Appellant, whose charge was based on use of deadly weapon, has not shown that the face of the record establishes that the jury did not make a finding that a deadly weapon was used in the aggravated assault in this case. *See* § 784.021, Fla. Stat. (2000) (defining "aggravated assault" as an assault that is committed (1) with a deadly weapon without intent to kill or (2) with an intent to commit a felony); *see also Johnson v. State*, 60 So. 3d 1045, 1050 (Fla. 2011) (stating that to be correctable under rule 3.800(a), the illegality in the sentence must be identifiable from the face of the record, and the burden is on the movant to demonstrate an entitlement to relief from the face of the record); *Gentile v. State*, 87 So. 3d 55, 57 (Fla. 4th DCA 2012) (explaining that only "a clear jury finding" is required for an enhancement statute to apply).

2

Elsewhere in his motion, and in his rehearing motion, Appellant claimed "manifest injustice" and argued that he was convicted of an uncharged offense because the elements of the lesser offense of aggravated assault were not charged in the information. "Aggravated assault is not a necessarily lesser included offense of aggravated battery and it can be considered an included offense only, if at all, where the information charges the elements of both and the facts necessary to support both." *Salas v. State*, 591 So. 2d 257, 258 (Fla. 4th DCA 1991). Appellant relies on *Figueroa v. State*, 84 So. 3d 1158 (Fla. 2d DCA 2012), where the court found manifest injustice and granted habeas corpus relief where a conviction was based on a "fundamentally defective" information that failed to allege an essential element of the charged offense. *Id.* at 1161-62.

Appellant's challenge to his conviction is untimely and procedurally barred, and he cannot circumvent these bars by framing his claim as a challenge to the sentence. The time for filing a postconviction motion challenging the conviction in this case expired in 2005, two years after the judgment and sentence became final on direct appeal. Fla. R. Crim. P. 3.850(b). Incanting the words "manifest injustice" does not excuse the procedural bars. *See Cuffy v. State*, 40 Fla. L. Weekly D687, D688 (Fla. 4th DCA Mar. 18, 2015).

Moreover, Appellant's reliance on *Figueroa* is misplaced. The *Figueroa* court determined that the information was "fundamentally defective" because it did not charge the defendant with possession of a firearm during the commission of the robbery. 84 So. 3d at 1159-60. The court determined that the conviction for robbery with a firearm could not stand because the essential element of possession of a firearm was omitted from the body of the information and was not otherwise properly charged. *Id.* at 1161. *Figueroa* did not involve a lesser offense, and the opinion in *Figueroa* recognized that the defect in the information had been raised on direct appeal but was overlooked by the reviewing court. *Id.* at 1162 (recognizing that relief should have been granted on direct appeal). In contrast, in this case, Appellant does not allege that the error was preserved by an objection at trial, and he did not raise it on direct appeal.

Thus, Appellant's claim that he was improperly convicted of a lesser offense is a procedurally barred claim of trial court error that cannot be raised for the first time in a postconviction proceeding. Any error in instructing the jury as to this lesser offense could have been objected to at trial and raised on direct appeal if necessary. *See, e.g., Negron v. State*, 938 So. 2d 650 (Fla. 4th DCA 2006). The alleged error in instructing the

jury as to this lesser offense is not an error that can be raised at any time and does not provide any basis for untimely postconviction relief. *See Nesbitt v. State*, 889 So. 2d 801, 803 (Fla. 2004) (holding that, when a trial court erroneously instructs the jury on a lesser offense, the error is not *per se* fundamental, and a contemporaneous objection will generally be necessary to preserve the error for review).

*Nesbitt* applied the fundamental error analysis of *Ray v. State*, 403 So. 2d 956 (Fla. 1981), which applies when a defendant fails to object to an erroneous lesser included charge. Under *Ray*,

> [I]t is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if:  1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action.

*Id.* at 961 (footnote omitted). The Second District's decision in *Figueroa* could not overrule the Florida Supreme Court's precedent set forth in *Nesbitt* and *Ray*.

In the present case, whether Appellant's conviction for the lesser offense constituted a fundamental error does not control our postconviction analysis. The claim simply cannot be raised in a postconviction motion. The fact that an error is "fundamental," so that it can be raised on direct appeal despite the lack of objection at trial, does not necessarily mean the error can be raised at any time in a postconviction proceeding. *See Hughes v. State*, 22 So. 3d 132, 136-37 (Fla. 2d DCA 2009) ("[F]undamental error is not a valid ground for an untimely postconviction motion unless one creates a unique definition of 'fundamental error' for this particular purpose."). In any case, aggravated assault on an LEO is lesser in both degree and penalty than aggravated battery on an LEO. Aggravated assault on an LEO is a second degree felony. § 784.07(2)(c), Fla. Stat. Aggravated battery on an LEO is a first degree felony. § 784.07(2)(d). Thus, the error would not be fundamental under *Ray*.

Appellant mistakenly relies on *Achin v. State*, 436 So. 2d 30 (Fla. 1982), but in that case, the defendant was convicted of a nonexistent offense, which is not the case here. *Id.* at 32.

4

Here, any error in instructing the jury as to the lesser offense of aggravated assault on a law enforcement officer had to be preserved by objection at trial. The claim of trial court error is procedurally barred from being raised in a postconviction motion. Appellant cannot spring this challenge to his conviction years after the fact in a motion to correct illegal sentence. Appellant's claims lack merit and were properly denied.

*Affirmed.*

CIKLIN, C.J., and LEVINE and FORST, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***