IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAMES E. MCNAIR,

      Appellant,

 v.                                    Case No. 5D16-4019

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 17, 2017

3.800 Appeal from the Circuit Court
for Marion County,
Willard Pope, Judge.

James E. McNair, Bristol, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Samuel A. Perrone,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      James McNair appeals the summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He argues that his prior conviction for aggravated assault is not a qualifying offense for the purpose of sentencing him as a three-time violent felony offender under section 775.084(c), Florida Statutes (2006). Because the record as a whole does not demonstrate on its face an

entitlement to relief, this claim is not cognizable under rule 3.800(a).[1]  Instead, it should have been raised on direct appeal or in a timely motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.[2]  See Hill v. State, 912 So. 2d 610, 610 (Fla. 2d DCA 2005) (citing Cook v. State, 816 So. 2d 773 (Fla. 2d DCA 2002)).  Accordingly, we affirm.

AFFRIMED.

BERGER and WALLIS, JJ., and JACOBUS, B.W., Senior Judge, concur.

---

[1] Although it is not clear from the face of the record that McNair's sentence is illegal, the records attached to the trial court's order do not establish that the sentence is legal. The attached records show that for the prior offense Appellant was originally charged with aggravated battery with a firearm and the facts of the underlying case certainly support a conviction for aggravated assault with a deadly weapon; however, the attached records do not show that Appellant ultimately pled to the lesser included offense of aggravated assault with a deadly weapon.  Neither the plea agreement nor the plea colloquy was included in the record, and the attached prior judgment further confuses the issue by citing to a non-existent statute.  With that said, "[t]o the extent that there may be records in the instant proceedings that demonstrate on their face an entitlement to relief, it was and remains [McNair's] burden — not the trial court's — to specifically identify those records." McClain v. State, 157 So. 3d 528, 529 (Fla. 1st DCA 2015) (citing Johnson v. State, 60 So. 3d 1045, 1050 (Fla. 2011) ("Under rule 3.800(a), 'the burden [is on] the petitioner to demonstrate an entitlement to relief on the face of the record.'" (quoting Williams v. State, 957 So. 2d 600, 602 (Fla. 2007))).

[2] We note that McNair's motion was timely under rule 3.850(b) and was under oath. If the trial court needed to explore the issue further, it could have treated the motion as a rule 3.850 motion and held an evidentiary hearing.  See Fla. R. Crim. P. 3.850(b).