IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAMES McNAIR,

      Appellant,

v.                                        Case No.  5D17-3453

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed April 20, 2018

3.850 Appeal from the Circuit
Court for Marion County,
Willard Pope, Judge.

James McNair, Bristol, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F.
Corrente, Assistant Attorney
General, Daytona Beach, for
Appellee.

COHEN, C.J.

      James McNair appeals the denial of his motion for postconviction relief filed

pursuant to Florida Rule of Criminal Procedure 3.850. In 2014, McNair was convicted of

robbery with a firearm and burglary of a structure with a firearm following a jury trial.[1] He

---

      [1] McNair was also charged with possession of a firearm by a convicted felon, but
the State ultimately entered a nolle prosequi on that charge. This was the second trial at
which McNair was convicted of the robbery and burglary charges. After the first trial, his
convictions were reversed in a federal habeas corpus proceeding because the original
trial judge did not honor McNair's request to represent himself. On remand, McNair

was sentenced as a three-time violent felony offender ("VFO") and is serving a life sentence.

In 2016, McNair filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.800(a), alleging that his sentence was illegal. Specifically, McNair challenged the use of a 1992 conviction as a predicate offense for his VFO sentence enhancement. That motion was denied. In affirming, we noted:

> Although it is not clear from the face of the record that McNair's sentence is illegal, the records attached to the trial court's order do not establish that the sentence is legal.
>
> . . . .
>
> "[T]o the extent that there may be records in the instant proceedings that demonstrate on their face an entitlement to relief, it was and remains [McNair's] burden—not the trial court's—to specifically identify those records." McClain v. State, 157 So. 3d 528, 529 (Fla. 1st DCA 2015) (citing Johnson v. State, 60 So. 3d 1045, 1050 (Fla. 2011) ("Under rule 3.800(a), 'the burden [is on] the petitioner to demonstrate an entitlement to relief on the face of the record.'" (quoting Williams v. State, 957 So. 2d 600, 602 (Fla. 2007))).

McNair v. State, 212 So. 3d 1143, 1143 n.1 (Fla. 5th DCA 2017). Because McNair's claim was not cognizable under rule 3.800(a), we concluded that it should have been raised on direct appeal or pursuant to rule 3.850. Id. at 1143.

McNair then filed a motion for postconviction relief under rule 3.850, alleging that counsel was ineffective for failing to object to the use of the 1992 conviction as a predicate offense for VFO treatment. The lower court denied the motion after an evidentiary hearing. This appeal followed.

---

requested appointment of counsel. The instant appeal claims that his court-appointed attorney in those proceedings provided ineffective assistance.

2

The issue in this case comes down to what crime McNair pleaded to in 1992, specifically whether McNair pleaded to aggravated assault with a deadly weapon or aggravated assault with the intent to commit a felony. See § 784.021, Fla. Stat. (1992). The former may be used as a predicate offense for VFO treatment, while the latter may not. See § 775.084(1)(c)1.g., Fla. Stat. (2015) (enumerating aggravated assault with a deadly weapon as a conviction qualifying for three-time violent felony offender enhancement if accompanied by other qualifying offenses).

McNair was charged in the 1991 case with robbery with a firearm and aggravated battery with a deadly weapon. He entered into a plea agreement, the language of which is critical to McNair's argument. The plea agreement reflects that McNair agreed to plead no contest to aggravated assault, and the State would nolle pros the robbery charge. The agreement does not state what would occur with the aggravated battery charge. McNair would receive one year of community control, followed by two years of probation. A handwritten note signed by the trial judge appears in the margin of the plea form, with an arrow to the section reflecting charges in the "amended information."[2] The notation states that the charge was aggravated assault with a firearm. However, the section of the plea form listing the charges to which McNair was pleading simply reads, "Aggravated assault," and does not reference whether the charge involved the use of a firearm or other deadly weapon:

---

[2] The amended information only reflected charges of robbery with a firearm and aggravated battery with a deadly weapon.

3

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
OF THE STATE OF FLORIDA, IN AND FOR MARION COUNTY

STATE OF FLORIDA

VS.

JAMES MCNAIR

*Amended 3/13*

CASE NO: 91-279-Y

WAIVER OF RIGHTS
AND
AGREEMENT TO ENTER PLEA

*CDC agg. assault w/a firearm*

I, James McNair, Defendant, have been advised an ✓Information✓ has been *Amended (8/5/91)* filed against me in the above styled Court charging: ~~Burglary of dwelling w/armed;robbery~~ w/a firearm;Aggravated battery w/a deadly weapon. with a maximum sentence of life years imprisonment and/or $ 25,000.00 fine.

Pursuant to plea bargaining entered into between the State Attorney's Office, myself and my defense counsel, I wish to enter a plea of ~~GUILTY~~/NOLO to the following criminal offense(s) and upon the following terms: __Plead to Aggravated assault; NP Robbery;Adjudication of guilty;1 year community control followed by 2 years probation; credit for time serviced in the Marion County Jail;stipulate to restitution owed to victim $ 200 + costs__

I am aware and fully understand the charge(s) against me and that a plea of guilty admits the truth of the charge, a plea of not guilty denies the charge and a plea of Nolo Contendere does not contest the charge.

My attorney has discussed with me the defense(s) that might be available to the charge(s) and has given me the benefit of his/~~her~~ advice.

I am satisfied that my attorney has represented me to the best of his/her ability, and has done all that can be expected of him/~~her~~.

I wish to enter my plea to the offense(s) as set forth above because I ~~am guilty of~~ do not contest the charge(s) and I have no other reason. I have not been promised, nor has it been suggested that I will be rewarded in any manner, or that I will be given probation or leniency other than the terms as set forth above in return for my plea. No person has used any threats, force, pressure or intimidation to induce me to enter such plea as outlined above.

I fully realize that by entering such a plea I am waiving and relinquishing my right to Trial by Jury, or the Court, right to confront and cross-examine my accusors, right to remain silent, or to testify in my own behalf, and the right to have the State prove the truth of such charge(s) including each element beyond and to the exclusion of every reasonable doubt before I could be found guilty.

I have been advised by my attorney by entering this plea I waive any right to appeal with the exception of an appeal based on an illegal sentence.

Defendant specifically waives his right to speedy trial.

Dated this __16th__ day of March , 1992.

As with the plea form, the judgment and sentence merely reflect a conviction for aggravated assault, without reference to whether it was with a firearm or in the course of the commission of a felony. To complicate matters, the judgment and sentence list a non-existent statute for McNair's charge. No transcripts of the plea or sentencing hearings are available because of the length of time that has elapsed. The only documentation

4

reflecting anything other than simply "aggravated assault" is the judge's handwritten note on the plea form.

At the evidentiary hearing on McNair's rule 3.850 motion, McNair claimed to have pleaded only to aggravated assault. The original prosecutor testified that it was her belief that McNair pleaded to aggravated assault with a firearm, but it was evident that she had little, if any, recollection of the case. McNair's trial counsel from the 2014 trial, Jacques Ward, also testified. Ward acknowledged that he had not examined either the underlying documents or the judgment and sentence, instead relying on information provided in the Comprehensive Case Information System offered by the clerk of the court. He also acknowledged that he had not discussed with McNair the offenses that the State intended to use to enhance McNair's sentence. As indicated, no transcript of the plea hearing from 1992 was produced at the evidentiary hearing, and the State did not present evidence that McNair had other qualifying offenses that could have supported VFO sentencing enhancement.

There are several issues raised by the facts of this case, many of which were created by a lack of attention to detail. The State bears the majority of the responsibility. The assistant state attorney signed off on the plea form despite its ambiguity. Before the trial judge's interlineation, the form reflected that McNair faced charges for armed burglary of a dwelling, robbery with a firearm, and aggravated battery with a deadly weapon. The burglary charge is merely crossed out in the first paragraph, and nothing in the second paragraph indicates what was to occur with the aggravated battery charge. The State agreed to nolle pros the robbery with a firearm charge. McNair would then plead to aggravated assault, which is not a lesser included of aggravated battery. See Moody v.

5

<u>State</u>, 597 So. 2d 839, 840 (Fla. 5th DCA 1992) (citing <u>State v. Whitfield</u>, 487 So. 2d 1045 n.1 (Fla. 1986)). However, aggravated assault is a category two lesser-included offense of the robbery with a firearm charge. <u>See</u> Fla. Std. Jury Inst. (Crim.) 15.1. By signing the plea form, the State raised no issue with listing the charge as aggravated assault, rather than aggravated assault with a firearm. The State likewise did not contest the final judgment, which reflected only aggravated assault without specifying if it was committed by use of a deadly weapon. The State also did not object when the judgment and sentence referenced a non-existent statute. The State had opportunity after opportunity to clarify or correct any mistake or misapprehension regarding the plea offer, yet it failed to do so.

As a result, we are left with McNair's testimony that he pleaded only to aggravated assault, the testimony of the assistant state attorney who signed the ambiguous plea form, and the testimony of McNair's lawyer who acknowledged that he failed to even glance at records that can significantly affect a client's sentence. Under these circumstances, we find that the trial court erred in denying McNair's motion for postconviction relief. Accordingly, we reverse the denial of McNair's motion and remand for resentencing. Although the State will not be precluded from seeking a sentencing enhancement, it must do so without using the 1992 aggravated assault conviction.

REVERSED and REMANDED.

WALLIS and EISNAUGLE, JJ., concur.