DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LOUIS JEUNE JOHNSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2744

[March 6, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward L. Artau, Judge; L.T. Case No. 502018CA009448XXXXMB.

Louis Jeune Johnson, South Bay, pro se.

Ashley B. Moody, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the order denying appellant's petition for writ of habeas corpus. We write solely to clarify a procedural issue. When a defendant mistakenly files a habeas corpus petition attempting to challenge a conviction or sentence, the filing should not be treated as a new, separate civil proceeding.

The petition was an untimely and successive postconviction challenge to appellant's murder conviction in a 2004 criminal case in this same circuit. The petition attempted to raise procedurally barred and meritless claims of trial court error in the jury instructions given at trial in 2006. *See Green v. State*, 975 So. 2d 1090, 1115 (Fla. 2008) ("Habeas corpus is not to be used for additional appeals of issues that could have been or were raised on appeal or in other postconviction motions.").[1]

---

[1] This Court affirmed Appellant's conviction and sentence on direct appeal in 2007. *Louis-Jeune v. State*, 956 So. 2d 465 (Fla. 4th DCA 2007) (table). Appellant has unsuccessfully appealed the denial of five prior postconviction motions in this case.

While appellant's petition was clearly an attempt at collaterally attacking his conviction in the 2004 criminal case, and included the criminal case number, the petition proceeded as a separate, original proceeding and was assigned a civil case number. The judge in the civil division entered the order denying the petition. The appeal from the order denying the petition was thus treated as an appeal from a final order—requiring full briefing and record preparation. *See* Fla. R. App. P. 9.110.

The request for habeas corpus relief was unauthorized, *see Rafael v. Crews*, 154 So. 3d 505, 506 (Fla. 4th DCA 2015), and the petition should have been dismissed or treated as a postconviction motion under Florida Rule of Criminal Procedure 3.850. *See Diaz v. State*, 132 So. 3d 93, 122 (Fla. 2013) ("Since the adoption of Criminal Procedure Rule No. 1 in 1963, 'habeas corpus may not be used as a substitute for an appropriate motion seeking postconviction relief.'") (citation omitted); *Baker v. State*, 878 So. 2d 1236, 1245 (Fla. 2004) ("The remedy of habeas corpus is not available in Florida to obtain the kind of collateral postconviction relief available by motion in the sentencing court pursuant to rule 3.850."); *Buss v. Reichman*, 53 So. 3d 339, 344 (Fla. 4th DCA 2011) ("Under rule 3.850, collateral challenges to a conviction or sentence must be brought in the court that imposed the conviction and sentence, which is the court best equipped to adjudicate those rights.").

Because the motion would have been untimely and successive, and alleged no valid exception, dismissal of the motion was warranted. *See* Fla. R. Crim. P. 3.850(b),(h); *McClellion v. State*, 186 So. 3d 1129, 1132 (Fla. 4th DCA 2016) ("Incanting the words 'manifest injustice' does not excuse the procedural bars."). Any appeal taken from the court's summary disposition would then be pursuant to Florida Rule of Appellate Procedure 9.141(b), which does not require full briefing and allows for preparation of a summary record.

In *Buss v. Reichman*, this Court explained why the court that entered the conviction and sentence is best equipped to review postconviction challenges and why allowing collateral challenges in separate habeas corpus proceedings is unauthorized and fraught with hazards. 53 So. 3d at 344-46. An additional benefit of following proper procedure is that the defendant's postconviction filing history is reflected in the record for the criminal case—not scattered across seemingly unrelated civil case numbers.

While dismissal in the criminal case, rather than denying the petition on its merits, was the appropriate disposition for the petition filed here, any such error is harmless.

*Affirmed.*

WARNER, KLINGENSMITH and KUNTZ, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**